Emory Benjamin CURRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45884.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Peter P. Zaremba, Austin, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for shoplifting one fishing lure of the value of less than $50.00 in County Court at Law No. 1 of Travis County. The jury assessed the punishment at confinement in jail for six months and at a fine of $100.-00.

This appeal presents questions of what type appellate record must be afforded an indigent appellant convicted of a misdemeanor for the purposes of an effective review of his conviction on appeal as well as his right to counsel on appeal.

These questions involve both constitutional and statutory considerations and a resolution of these questions necessarily involves a determination of the retroactivity of Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971), and of Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L.Ed.2d 530 (1972).

The appellant, represented by retained counsel, entered a plea of not guilty before the jury.

Within nine days after sentence was imposed on October 27, 1971 the appellant timely gave notice of appeal. On the same date, he filed a pauper's oath requesting the appointment of counsel on appeal and a free transcription of the court reporter's notes. We find nothing in the record to show that the court took any action on such motion.

Subsequently, a second motion was filed incorporating the first by reference, reasserting appellant's indigency, requesting a transcription of the court reporter's notes and calling the trial court's attention to the decision in Mayer v. City of Chicago, supra.

No action appears to have been taken upon the second motion. The record is before us without a transcription of the court reporter's notes or a brief on appellant's behalf.

Appellant's trial counsel did file six formal bills of exception in an attempt to get before this court appellant's grounds of error. These deal, among other things, with a challenge to the sufficiency of the evidence and the ruling of the court on the admissibility of certain evidence. These bills of exception were neither timely filed nor sufficient to meet the requirements of Article 40.09, Vernon's Ann.C.C.P.

In an appearance before this court appellant's counsel for the first time in oral argument characterized himself as an "amicus curiae," and asserted he was appearing only to get the appeal abated and that he

was neither appointed nor employed to represent the appellant on appeal.

First we turn to the question of the constitutional requirements relating to an appellate record for a convicted misdemeanant.

In Griffin v. Illinois, 351 U.S. 12, 76 S. Ct. 585, 100 L.Ed. 891 (1956), the United States Supreme Court held that the due process and equal protection clauses of the Fourteenth Amendment are violated where a state provision for an appeal in all criminal cases as a matter of right is so administered as to deny full appellate review to an indigent appellant solely because of his inability to pay for a transcription of the record, while granting such review to all other defendants.

*Griffin*, of course, involved a felony.

In Mayer v. City of Chicago, supra, a question of just how far the principle of *Griffin* was to extend arose. Mayer was convicted of two violations of city ordinances, misdemeanors, and fined $250.00 in each case. He appealed alleging insufficient evidence and prosecutorial misconduct. He requested a free transcript to support his appeal. Although the trial court found him indigent, his request was denied on the basis of the Illinois Supreme Court's rule that free transcripts were to be provided only in felony cases. Mayer made no attempt to utilize a "settled statement" or an agreed statement of facts though available to him. His motion for a free transcript filed in the State Supreme Court was denied.

The United States Supreme Court held that the distinction drawn by the Illinois Supreme Court between felony and nonfelony offenses is an "unreasoned distinction" proscribed by the Fourteenth Amendment, and the fact that the charges upon which Mayer was convicted were punishable by a fine rather than by confinement does not lessen the invidious discrimination against an indigent defendant.

The Court further held that although the State must afford an indigent defendant a "record of sufficient completeness" to permit proper consideration of his claims on appeal, it need not necessarily furnish a complete verbatim transcript, but may provide alternatives that accord effective appellate review. See Draper v. Washington, 372 U.S. 487, 499, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). The Court made clear that where, however, "the grounds of appeal, as in this case, make out a colorable need for a complete transcript, the burden is on the State to show that only a portion of the transcript or an 'alternative' will suffice for an effective appeal on those grounds."

■ Would the *Mayer* decision handed down on December 13, 1971 be applicable to the instant case tried on October 5, 1971, but over which the trial court retained jurisdiction until June 26, 1972? We conclude that it does have application. Further, *Mayer* was merely an extension of the principle of *Griffin* and the *Griffin* decision was held to be fully retroactive, Linkletter v. Walker, 381 U.S. 618, 85 S. Ct. 1731, 14 L.Ed.2d 601 (1965). See also Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961); Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967); Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969); Williams v. City of Oklahoma City, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed. 2d 440 (1969). We conclude that the *Mayer* decision must likewise be given full retroactive application.

Turning aside from constitutional consideration as to appellate records for indigents we find that Article 40.09, supra, relating to records on appeal, applies to "all cases appealable by law to the Court of Criminal Appeals." See id. § 1. Section 5 of the statute places the responsibility for obtaining a transcript of the court reporter's notes upon the party desiring the same. Said section also provides:

". . . The court will order the reporter to make such transcription with-

out charge to defendant if the court finds, after hearing in response to affidavit by defendant that he is unable to pay or give security therefor. Upon certificate of the court that this service has been rendered, payment therefor shall be made from the general funds by the county in which the offense is alleged to have been committed. . . ."

 Of course, the parties, with the approval of the trial court, may utilize an agreed statement of facts, Article 40.09 § 14, supra, and a formal bill of exception may be used to disclose some action, event, testimony, etc., not otherwise shown by the record. If found to be indigent, appellant need not use these alternative methods unless by choice. Thus, it would appear that our statutory procedure is broader than the constitutional requirements. The grounds of error alleged need not make out a "colorable need for the complete transcript" before the indigent becomes entitled to a complete record by virtue of the statutory provisions.

 From the insufficient bills of exception, it is clear that appellant is challenging the sufficiency of the evidence, the court's rulings on the admissibility of certain evidence, etc., thus making out a "colorable need for a complete transcript," thus constitutionally casting a burden upon the State to show that an alternative method was sufficient for the purpose of effective appellate review. The State has made no attempt to sustain its burden of proof and, as noted earlier, the attempted bills of exception were insufficient. From a constitutional standpoint, the appellant was entitled to a complete transcript.

Further, there is no showing that the court responded to the appellant's affidavit of indigency as required by Article 40.09 § 5, supra.

With regard to the question of the record, the cause must be remanded to the trial court for a hearing to determine appellant's indigency at this time. If the court finds he is not indigent, a sufficient record of the hearing on indigency must be made so that in the event of another appeal, this court will be able to determine whether there was an abuse of discretion or not. If there is a finding of indigency, then it would appear that a complete transcription of the court reporter's notes will need to be made available [1] as a result of both statutory and constitutional requirements.

 Still further, if there is a finding of indigency, counsel must be appointed for this appellant for the purpose of appeal.

While Article 26.04, Vernon's Ann.C.C. P., relates to the appointment of trial counsel for indigents in felony and certain misdemeanor cases, nowhere in our statutes is there a requirement that counsel be appointed on appeal for an indigent person convicted of either a felony or a misdemeanor. Article 26.05, Vernon's Ann.C.C. P., relating to compensation of appointed counsel in felony cases or misdemeanor cases "punishable by imprisonment" or habeas corpus matters does contain the following sections:

"(e) For the prosecution to a final conclusion of a bona fide appeal to the

---

1. This is so unless the parties and the trial judge can agree upon an "Agreed Statement of Facts."

Further, appellant's trial counsel who appeared "amicus curiae" before this court related that there is no official court reporter for the convicting court. An examination of Article 1970–324, Vernon's Ann.Civ.Stats., relating to the creation of County Court at Law No. 1 of Travis County, fails to reveal any provision for the appointment of a court reporter. It is almost inconceivable that a County Court at Law in a county with the population of Travis County can properly function without the services of a court reporter or some effective substitute.

Appellant's trial counsel informed us that he had arranged for a reporter to take down the testimony in the instant case and that such notes are still available, but that since the appellant is indigent he was unable to secure the same for the purpose of appeal. The court can pay for a transcription of these notes from the general fund of the county. See Article 40.09 § 5, supra.

Court of Criminal Appeals, a reasonable fee to be set by the court but in no event to be less than $350;

"(f) For the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal Appeals in a case where the death penalty has been assessed, a reasonable fee to be set by the court but in no event to be less than $500."

While the statutes thus provide for compensation, the right to counsel on appeal *must necessarily be of a constitutional nature.*

Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) extended the Sixth Amendment right to counsel to state criminal proceedings by virtue of the Fourteenth Amendment. *Gideon* dealt with trial counsel for an indigent in a felony case. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), decided on the same day as *Gideon*, held that an indigent has a state constitutional right to assigned counsel on his first appeal without regard to the merits of the appeal and regardless of the seriousness of the appeal. The holding was based primarily upon the due process clause of the Fourteenth Amendment.

Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), extended the *Gideon* right to counsel rule to *all* criminal cases in which imprisonment is required. The court said:

"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel *at his trial.*" (Emphasis added.)

And we only recently held in Ramirez v. State, 486 S.W.2d 373 (1972), that *Argersinger* was to be applied retroactively.[2]

While *Argersinger* clearly established the constitutional right of an indigent to counsel in all criminal trials involving imprisonment below the grade of felony, does an indigent appellant suffering a misdemeanor conviction have a right to counsel on appeal?

*Mayer* refused to make a distinction between felonies and misdemeanors with regard to free transcripts for indigent appellants, and *Argersinger* refused to make the same distinction with regard to the right to counsel provided by the Sixth Amendment and applicable to the states by virtue of the Fourteenth Amendment. There would thus appear to be no logical basis for making a distinction between felony and misdemeanor cases as to the right to counsel on appeal.

In fact, while Douglas v. California, supra, involved felonies on appeal, the Supreme Court stated: ". . . We are dealing only with the *first appeal,* granted as a matter of right to rich and poor alike . . . *from a criminal conviction.* . . ." 372 U.S. at 356, 83 S.Ct. at 816

2. While not every constitutional rule involving the right to counsel has been given retroactive application, see, i. e., Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (concerning the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decision involving *right to counsel to protect* Fifth Amendment rights). and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (concerning United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (involving right to counsel at lineups), it has always been applied retroactively at stages of the prosecution where denial of the right must almost invariably deny a fair trial, for example, at the trial itself. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Stovall v. Denno, supra; Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650; Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed. 2d 41: Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519.

Since *Argersinger* merely extended the principle of *Gideon* there can be no other logical conclusion except that it, too, must be applied retroactively. *Cf.* the discussion in Crawford v. State, 435 S.W.2d 148 (Tex.Cr.App.1968) (original dissenting opinion).

(Emphasis supplied). And, the court added:

"... But where the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." 372 U.S. at 357, 83 S.Ct. at 816 (Emphasis supplied.)

Further, the American Bar Association Project on Standards for Criminal Justice, Standards Relating to Criminal Appeals, provides that the possibility of appellate review of trial court judgments should exist for every criminal conviction (§ 1.1), and that every appellant should have the assistance at all stages of appeal; and that for indigent appellants counsel should be appointed unless explicitly waived (§ 3.2).

For the reasons stated, the appeal is abated.

MORRISON, J., concurs.