**Jewel Richard McGEE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69324.**

Court of Criminal Appeals of Texas, En Banc.

June 11, 1986.

Russell J. Wright, Silsbee, Woody Monica, Houston, for appellant.

R.F. "Bo" Horka, Dist. Atty., and Ben Wagner, Asst. Dist. Atty., Kountze, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is an appeal taken from a conviction for capital murder. V.T.C.A. Penal Code, § 19.03. The death penalty was imposed after the jury answered affirmatively the special issues submitted under Art. 37.071, V.A.C.C.P. Appellant brings thirteen grounds of error. We will abate the appeal.

In his last ground of error, appellant contends that the trial court erred by refusing to order the court reporter to transcribe the notes taken during the voir dire examination of several jurors. The record shows that appellant filed a notice of appeal on May 29, 1984. On June 1, 1984, appellant filed a designation of record on appeal and requested a transcription of all questions and answers of the prospective jurors given during voir dire examination. Appellant filed and the trial court granted a motion for permission to proceed on appeal in forma pauperis with appointed counsel.

On June 21, 1984, the trial court entered an order that the voir dire examination testimony of several prospective jurors not be transcribed and included in the record on appeal. These jurors were either struck peremptorily by the State, or excused on a challenge for cause agreed to by appellant

and the State.[1] Appellant filed a timely objection to the record, and requested that the trial court order the court reporter to transcribe the voir dire examination of all prospective jurors and include the transcription in the record.

A hearing was held on appellant's objections to the record on January 17, 1985. The trial court overruled appellant's objections, and did not order transcription of the requested voir dire examination.

Appellant argues that the trial court erred by failing to direct the court reporter to include a transcription of the entire record for appeal. In support of his contention, appellant directs our attention to the following sections of Art. 40.09, V.A.C. C.P.:

> 4. At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments.... [T]he court shall have the power, after hearing, to enter and make part of the record any finding or adjudication which the court may deem essential to make any such transcription speak the truth in any particular in which the court finds it does not speak the truth and any such finding or adjudication having support in the evidence shall be final.
>
> 5. If a party desires to have all or any portion of a transcription of the court reporter's notes included in the record, he shall so designate with the clerk in writing and within the time required by Section 2 of this Article. ... The court will order the reporter to make such transcription without charge to appellant if the court finds, after hearing in response to an affidavit filed by the appellant not more than 20 days after giving notice of appeal, that he is unable to pay or give security therefor.... The court reporter shall report any portion of the proceedings requested by either party or directed by the court.

Appellant contends that since section 4, as quoted above, has been interpreted by this Court to be a mandatory statute and must be followed regardless of whether the defendant has been harmed, citing *Gamble v. State*, 590 S.W.2d 507 (Tex.Cr.App.1979), *Cartwright v. State*, 527 S.W.2d 535 (Tex. Cr.App.1975), and *Ex parte Jones*, 562 S.W.2d 469 (Tex.Cr.App.1978), section 5, as quoted above, should also be held by this Court to be mandatory.

The State argues that since the prospective jurors were either excused on peremptory strike by the State or by agreed challenges for cause, appellant is precluded from raising grounds of error based upon their testimony; therefore, he is unable to demonstrate any harm caused by the trial court's actions. Thus, in an effort to conserve taxpayers' money in Hardin County, the trial court ordered that the unusable portion of the voir dire examination not be transcribed.

Section 5 of Art. 40.09, supra, provides that upon a finding of indigency, the trial court "will order the court reporter to make such transcription." The transcription referred to in the statute concerns "all or any portion of the transcription of the court reporter's notes" requested by appellant to be included in the record. The trial court is given no discretion under the statute: once the appellant requests the transcription, and after he is found indigent by the court, the transcription must be prepared as requested.

With all due respect to the trial court's laudable motivation, we are forced to sustain appellant's contention and abate the appeal for transcription of the entire voir dire examination. We do so not because we view taxpayer expense as irrelevant to the appeal process, but only because the statute is worded in the mandatory, and we have no power to uphold the trial court's failure to follow the statute's mandate. Until the Legislature sees fit to change the

---

1. No issues arose as to the racial make-up of the jury panel. See *Batson v. Kentucky,* 39 Crim.L.

wording of the statute, we, just as the trial court, must follow it.

As to the State's contention that the indigent defendant must show harm before he or she is entitled to the entire transcription, we have had previous occasion to determine that no such harm is necessary. In *Curry v. State*, 488 S.W.2d 100 (Tex.Cr. App.1972), the defendant was convicted of shoplifting one fishing lure valued at less than $50.00. The defendant filed a pauper's oath requesting appointment of counsel on appeal and a free transcription of the court reporter's notes. The trial court took no action on the defendant's requests.

In considering the case on appeal, we discussed two United States Supreme Court decisions. In *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the defendant was convicted of a felony. The Supreme Court held that the due process and equal protection clauses of the Fourteenth Amendment were violated when a state provides for appeal in all criminal cases as a matter of right, but so administers the appeal process so as to deny full appellant review to an indigent appellant solely because of his inability to pay for a transcription of the record.

In *Mayer v. City of Chicago*, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971), the defendant was charged with a misdemeanor. The Supreme Court modified its earlier ruling in *Griffin*, supra, and held that although the State must afford an indigent defendant with a record sufficiently complete to permit proper consideration of his claims on appeal, it need not necessarily furnish a complete verbatim transcript. Rather, alternatives that provided effective appellant review were sufficient. The Supreme Court added that if the defendant's grounds of appeal indicated a colorable need for a complete transcript, the burden was on the State to show that only a portion of the transcript or an alternative would be sufficient for an effective appeal on those grounds.

When we considered these two holdings in *Curry*, supra, we held that Art. 40.09, sec. 5, supra, afforded Texas appellants a broader right than that given by the United States Constitution, and added:

"Of course, the parties with the approval of the trial court, may utilize an agreed statement of facts, Article 40.09 § 14, supra, and a formal bill of exception may be used to disclose some action, event, testimony, etc., not otherwise shown by the record. If found to be indigent, appellant need not use these alternative methods unless by choice. Thus, it would appear that our statutory procedure is broader than the constitutional requirements. The grounds of error alleged need not make out a 'colorable need for the complete transcript' before the indigent becomes entitled to a complete record by virtue of the statutory provisions."

.     .     .     .     .

"With regard to the question of the record, the cause must be remanded to the trial court for a hearing to determine appellant's indigency at this time.... If there is a finding of indigency, then it would appear that a complete transcription of the court reporter's notes will need to be made available as a result of both statutory and constitutional requirements."

*Curry*, supra at 102.

The holding in *Curry*, id., was used in this Court's decision in *Cartwright*, supra:

"Our statutory procedure [for making a free transcript available to indigent defendants] is broader than the federal constitutional requirements of due process when the question is presented as to what type of appellant record must be afforded an indigent appellant convicted of a misdemeanor for the purposes of an effective review of his conviction on appeal. By virtue of the provisions of Article 40.09, Vernon's Ann.C.C.P., the grounds of error alleged need not make out 'a colorable need for the complete transcript' before an indigent becomes entitled to the complete record. *Curry v. State*, supra."

*Cartwright*, supra at fn. 8, p. 539.

From these cases, we find that an indigent defendant need not establish harm

before he or she is entitled to the entire transcript upon proper request. The statute makes no provision enabling a trial court to determine the validity of the defendant's appeal grounds. Thus in the case at bar, the trial court erred by refusing to order the court reporter to transcribe all of the material requested by appellant, regardless of whether appellant could base effective grounds of error upon that material.

We therefore abate this appeal so that the proper record may be prepared and forwarded to this Court. After the supplemental record containing the transcription of the excluded voir dire examination is filed in this Court, appellant will have thirty days to submit a brief on only those grounds raised by the supplemental material. The State will then have thirty days from the date appellant's supplemental brief is filed, if there be such a brief, to respond to appellant's new grounds of error. See Rule 4, Texas Rules of Post Trial and Appellate Procedure in Criminal Cases, eff. Sept. 1, 1981.

TEAGUE, J., concurs in the result.

CLINTON, Judge, concurring.

As well as the sections of Article 40.09, V.A.C.C.P., quoted in the opinion of the Court, there is the provision in Article 37.-071, *id.*, for automatic review by this Court of the judgment of conviction and sentence of death "after certification by the sentencing court of the *entire record.*"

Thus in a capital case the Legislature has directed this Court to ensure that "this unique penalty [is not] wantonly and ... freakishly imposed," *Furman v. Georgia,* 408 U.S. 238, 310, 92 S.Ct. 2726, 2763, 33 L.Ed.2d 346 (1972); *Jurek v. Texas,* 428 U.S. 262, 276, 96 S.Ct. 2950, 2958, 49 L.Ed.2d 929 (1976). We may not shirk our duty to review "the entire record" on grounds that an appellant has not shown "harm" in being denied portions of a transcription of notes taken by the court reporter during the course of the trial of a capital case. That this Court have before it the entire record in a capital case serves a public policy which considers assuring evenhanded imposition of the ultimate penalty as important, if not more so, than faulting the one condemned for inability to demonstrate on appeal how an error resulted in disadvantage.

With those observations, I join the opinion of the Court.

TEAGUE, J., joins.