**Jesus Soltero HERNANDEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 081–89.**

Court of Criminal Appeals of Texas, En Banc.

March 21, 1990.

Dolph Quijano, Jr., Gonzalo Garcia, Charles Louis Roberts, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Robert Dinsmoor, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

PER CURIAM.*

Appellant was convicted by a jury of the offense of capital murder. Since the appellant was a juvenile at the time of the offense, the jury assessed punishment at life in the Texas Department of Corrections.[1] His conviction was affirmed in an unpublished opinion. *Hernandez v. State,* No. 08-87-00043-CR (Tex.App.—El Paso 1988). This Court granted review to determine whether the Court of Appeals erred in finding appellant was not harmed by the trial court's exclusion from the record on appeal of certain portions of the voir dire examination of prospective jurors. Tex.R. App.Pro. 200(c)(3) & (4). Appellant was indigent and represented at trial and on appeal by court-appointed counsel. Appellant requested a statement of facts including the entire voir dire examination. The

---

* This opinion was prepared by Judge M. P. DUNCAN, III, prior to his death and is adopted as the opinion of the Court.

1. Now the Texas Department of Criminal Justice, Institutional Division.

trial court ordered the court reporter's notes transcribed at the State's expense but excluded the individual voir dire of those veniremembers who were successfully challenged for cause by appellant or were the subject of agreed challenges. Because we hold that an indigent appellant is entitled to a full statement of facts, we will reverse.

We held in a death penalty context that upon proper request an indigent appellant is entitled to the entire statement of facts without any showing of harm. *McGee v. State*, 711 S.W.2d 257 (Tex.Cr.App.1986). In *McGee* we determined that former Article 40.09(5) V.A.C.C.P., now see Tex.R.App. Pro. 53(j)(2), provided in mandatory terms that once an appellant is found to be indigent the trial judge must order the court reporter to transcribe the requested notes.

Although the language of Rule 53(j)(2) is somewhat changed from that of former Art. 40.09(5), the present language appears in no less mandatory terms. In its present form, the rule provides that once the trial court "finds the appellant is unable to pay for or give security for the statement of facts, the court shall order the reporter to furnish the statement of facts, ... the court reporter shall be paid from the general funds of the county...." The current language also requires that once an appellant is found to be indigent, the trial court must order the designated portion of the statement of facts transcribed without cost to the appellant.

In *McGee*, we relied on our opinion in *Curry v. State*, 488 S.W.2d 100 (Tex.Cr. App.1972) in determining whether some "colorable need for a complete transcript" must be first shown by an indigent appellant. *Mayer v. City of Chicago*, 404 U.S. 189, 195, 92 S.Ct. 410, 415, 30 L.Ed.2d 372, 379 (1971). In *Curry*, we held that our law is broader than that required by the due process and equal protection clauses of the Fourteenth Amendment. Thus we held that an appellant need not allege grounds of error showing a "colorable need" as a prerequisite in order to receive a full statement of facts at no cost. In the present case, the State suggests that we apply a harmless error analysis to cases such as this where an appellant arguably waived error by agreeing to the challenges for cause. If this Court were to hold that absence of a portion of the statement of facts were subject to a harm analysis, appellate counsel could well interpret such a holding as requiring an initial showing in the trial court that the requested portion of the statement of facts contains error. Any harmless error analysis of that type could imply a colorable need requirement, contrary to our holding in *Curry*. We note that oftentimes, as in this case, the counsel appointed on appeal took no part in the trial. To require counsel with no knowledge of the trial to make some initial showing of harm prior to reading the statement of facts at the risk that the trial court's refusal to order portions of that statement of facts will be later held to be harmless error would require prescience on the part of the appellate practitioner. We specifically decline to conduct such an analysis.

The State also suggests that this Court has recently applied a different analysis in the related area of lost portions of a statement of facts. *Harris v. State* (Tex.Cr. App., No. 69,366 delivered June 28, 1989) (not yet reported, pending on rehearing). It is the State's position that this Court has retreated from the absolute rule requiring reversal when all or part of a statement of facts is lost not due to any fault of the appellant. See *Dunn v. State*, 733 S.W.2d 212 (Tex.Cr.App.1987). We find our holding in *Harris* to be distinguishable from that presented here. In *Harris*, we considered whether the record had been supplemented in accordance with former Arts. 40.09(7) and 44.11, so that it would speak the truth. There the question was whether the record had been made complete by the supplementation. Here the record is clearly not complete and the issue of supplementation is not present. We find the reasoning in *Harris* inapplicable.

Rule 53(j)(2) mandates that the trial court order transcribed those portions of the court reporters notes designated by an indigent appellant. Violations of that mandatory language are not subject to a harmless

error analysis. Therefore, we reverse and remand this cause to the Court of Appeals with instructions to order the trial court to supplement the statement of facts with those portions of the court reporter's notes designated by appellant.

DAVIS and WHITE, JJ., concur in result.

