Jose **VILLAREAL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–90–0497–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 30, 1991.

Roy E. Greenwood, Austin, for appellant.

David S. Barron, Anderson, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Appellant was convicted by a jury of aggravated sexual assault. The victim, thirteen years old at the time, was his natural daughter. The jury sentenced appellant to prison for life. We affirm.

Appellant brought ten points of error. Since filing his brief he has waived two points and admits that one has been rendered moot. In his seven remaining points of error, appellant contends: (1) that he was denied due process of law and equal protection by the failure of the court reporter to supply him with a complete transcription of the jury voir dire; (2) that the trial court erred in overruling appellant's objection to testimony offered by a State's witness because it was inadmissible hearsay, consisting of statements made by the non-testifying complainant to a witness, and he was therefore denied his right of confrontation and cross-examination; (3) that the trial court erred in overruling appellant's objection to testimony offered by a State's witness because it was inadmissible hearsay, consisting of statements made by the complainant to an examining physician, and a proper predicate was not laid; (4) that the trial court erred in not granting a hearing on the admissibility of appellant's oral confession over appellant's objection to such statement, and that the trial court failed to make findings of fact and conclusions of law in regard to the admissibility of the statement; (5) that the trial court erred in overruling appellant's requested charge for a lesser included offense; (6) that the trial court committed fundamental error in its instruction to the jury regarding limitations on the date of the alleged offense; and (7) that insufficient evidence exists to corroborate appellant's written and oral confessions to the corpus delicti of the crime.

In early November 1988 appellant's daughter, who had reached the age of fourteen on September 21, 1988, complained to her seventh grade science teacher that appellant was having sexual intercourse with her. Following a visit with the school nurse the complaint was reported to state authorities. On November 8, 1988, a child protective specialist from the Texas Department of Human Services interviewed appellant at her office. Appellant admitted to having oral and vaginal sex with his daughter. The meeting was attended by two officers of the Navasota Police Department.

On November 9, 1988, complainant was examined by a physician who diagnosed her as having a sexually transmitted disease. The child stated to the physician that she had been involved in "oral and regular intercourse" with her father. Trial testimony from the doctor was that the results of the examination definitely supported the girl's statements that she had had sexual intercourse.

Appellant was arrested by an officer of the Navasota Police Department on November 23, 1988, following indictment by the Grimes County Grand Jury. He received warnings from a magistrate, was interrogated and signed and initialed a confession that graphically detailed his acts. He admitted that the sexual activities had commenced in January 1988 and continued until "one month maybe two months ago."

At trial the jury was retired, and a hearing was held to determine the admissibility of appellant's oral confession to the D.H.S. specialist. The court sustained appellant's objections to admission of the oral confession. After another hearing outside the presence of the jury on the admissibility of the written confession the court entered findings of fact and conclusions of law that the written confession was voluntary and admissible. The written confession was introduced into evidence during testimony of the arresting officer in the State's case in chief.

Appellant took the witness stand during the defense's case in chief. When questioned by his own attorney, he admitted to both the oral and written confessions but testified that his ability to understand the English language was poor and that the confessions were coerced. During the State's rebuttal, over the objections of appellant, the D.H.S. child protective special-

ist testified to the substance of appellant's oral confession.

When examined by the State during the punishment phase of trial, appellant confessed to his acts and made a judicial admission of his guilt. There was no objection by his counsel.

■ In his first point of error appellant alleges denial of equal protection and due process of law because the court reporter's notes fail to provide a complete transcription of jury voir dire. Examination of the record reveals that on two occasions during voir dire prospective jurors came to the bench. The discussion between the prospective jurors and the court was summarized by the reporter and no verbatim transcription of their statements was made. The reporter instead preserved a summary of the substance of the questions and answers and the resulting excuse for cause of the prospective jurors.

■ To ensure that a full record of jury arguments and voir dire examinations is made the court reporter must be requested to do so by the attorney for any party to the case. Tex.R.App.P. 11(a)(2). The record in this case contains no such request. Appellant contends that under *Cartwright v. State*, 527 S.W.2d 535 (Tex. Crim.App.1975), he is entitled to a full and complete record of all voir dire proceedings at trial. However, in order to compel the verbatim transcription required under *Cartwright* he must first submit a motion that constitutes "an affirmative request for the court reporter to take the record.... The motion must be called to the attention of the court before it will constitute an affirmative request." *Schneider v. State*, 645 S.W.2d 463, 465–66 (Tex.Crim.App. 1983) (and cases cited therein). The record before us includes no such affirmative request.

Appellant further cites us to *Hernandez v. State*, 785 S.W.2d 825 (Tex.Crim.App. 1990), for the proposition that automatic reversal results from the trial court's inability to provide an indigent appellant with a complete record. Appellant's reliance is misplaced, for *Hernandez* holds "in a death penalty context that upon proper request an indigent appellant is entitled to the entire statement of facts without any showing of harm." *Hernandez*, 785 S.W.2d 825, 826 (citing *McGee v. State*, 711 S.W.2d 257 (Tex.Crim.App.1986)). In this case there is no possibility of death penalty assessment, no request by counsel for a complete record, and no indication from the statement of facts that anything less than the reporter's full set of notes was transcribed. Furthermore, harmful error does not result from the failure of the reporter to provide a complete transcription of proceedings other than trial on the merits when no request has been made and an indigent appellant later seeks a statement of facts pursuant to Tex.R.App.P. 53(j)(2). *Cartwright v. State*, 527 S.W.2d 535, 538–39, n. 6. Appellant's first point of error is overruled.

Appellant's second and third points of error concern admissibility of evidence and are considered together. Appellant asserts that the trial court erred by overruling his objection to testimony of the victim's junior high school science teacher and examining physician regarding statements made to them by the non-testifying complainant. Appellant argues in his brief that such evidence is inadmissible hearsay, that admission of the "outcry" evidence denies him the constitutional right to confrontation of the complainant and that testimony of the physician was subject to limitation pursuant to Tex.R.Crim.Evid. 705.

Testimony was heard during the State's case in chief, over defense counsel's hearsay objection, that the complainant had sought advice from her teacher after classes on November 8, 1988. The teacher testified that during their discussion the girl complained of problems with her father involving a past history of sexual abuse.

During testimony of the physician, appellant again objected on hearsay grounds to statements made by the complainant to the doctor. No motion for limitation of testimony was made, no voir dire of the expert was conducted by appellant's counsel, no request for a hearing outside the presence of the jury for the purpose of establishing underlying facts and data was made and no

limiting instructions to the jury were requested. Although the statements were allowed for the purpose of documenting the child's medical diagnosis, it is apparent that this testimony went principally to establishment of an outcry complaint to the physician.

The admissibility of outcry evidence is based upon the necessity to provide a means by which child-victims may corroborate their experiences. Such statements do not usually fall within well-established exceptions to the hearsay rule but have been created by the legislature to provide young victims the opportunity to corroborate their statements which might otherwise lack credibility. The admission of outcry testimony is appropriate when circumstances of the situation make out-of-court statements reliable. *Buckley v. State*, 758 S.W.2d 339 (Tex.App.—Texarkana 1988, no pet.) Without the outcry exception the complaints of young abuse victims to others would not fall within a hearsay exception unless qualified as "res gestae" or "excited utterances." *King v. State*, 631 S.W.2d 486, 491–92 (Tex.Crim.App.1982), *cert. denied*, 459 U.S. 928, 103 S.Ct. 238, 74 L.Ed.2d 188; *Duncan v. State*, 339 S.W.2d 220 (Tex.Crim.App.1960).

The State argues in its brief that such testimony is admissible from reliable independent sources pursuant to TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon 1981), which provides as follows:

A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable *on the uncorroborated testimony of the victim* of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense. The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose

of assessing the weight to be given to the testimony of the victim.

(Emphasis added). We find, however, no cases in which art. 38.07 provided the means for introduction of outcry statements when the *victim did not testify;* and we do not believe that the introduction of outcry statements pursuant to art. 38.07, in the absence of the complainant, will conform to the legislative intent underlying the statute. Appellant argues that the outcry statements repeated by the State's witnesses were inadmissible hearsay and that introduction of the evidence over his objection resulted in reversible error.

■ We do not reach either conclusion because of the nature of appellant's confessions. During the guilt-innocence phase of trial, upon questioning by his own trial counsel, appellant admitted making his oral confession to the D.H.S. specialist. Counsel opened the door to further testimony regarding that confession and could not complain when the State pursued that avenue during cross-examination and again during rebuttal, for the prosecution is entitled on rebuttal to present any evidence that tends to refute the defenses raised by an accused and any evidence in support of it. *Flannery v. State*, 676 S.W.2d 369 (Tex.Crim.App.1984).

During the State's rebuttal the specialist recited appellant's oral confession of November 8, which was duplicative in every detail of appellant's written confession already in evidence. The testimony of the D.H.S. specialist also served to impeach statements made by appellant during his defense. When appellant's trial counsel objected to the specialist's testimony during rebuttal he also admitted that "Mr. Villareal did admit a confession ...," and that "Mr. Villareal did not deny making the confession, just not properly remembering it."

■ During punishment phase of the trial appellant again took the witness stand. Under cross-examination by the State appellant freely admitted to having sex with his daughter. Where a defendant testifies in his own behalf and admits the truth of the testimony to which he previ-

ously objected, he waives his right to claim any harm by the introduction of such evidence over his objection. *Ochoa v. State,* 573 S.W.2d 796, 798 (Tex.Crim.App.1978). We do not consider whether error committed by the State resulted in harm to appellant because any error in the admission of evidence is cured when that same evidence is admitted elsewhere without objection. *Butler v. State,* 769 S.W.2d 234, 240–42 (Tex.Crim.App.1989); *Capello v. State,* 775 S.W.2d 476, 485 (Tex.App.—Austin 1989, pet. ref'd). This court has previously held that convictions will not be reversed for error in admission of evidence when that same evidence becomes admissible at a subsequent stage in the trial. *Romo v. State,* 700 S.W.2d 633, 634 (Tex.App.—Houston [14th Dist.] 1985, no pet.) The effect of appellant's confession during punishment phase was equivalent to a plea of guilty. *DeGarmo v. State,* 691 S.W.2d 657, 661 (Tex.Crim.App.), *cert. denied,* 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985); *Grogen v. State,* 745 S.W.2d 450, 451 (Tex. App.—Houston [1st Dist.] 1988, no pet.) Appellant thereby waived all non-jurisdictional error that occurred during guilt-innocence phase of the trial. *DeGarmo v. State,* 691 S.W.2d 657, 661; *Brown v. State,* 617 S.W.2d 234, 236 (Tex.Crim.App. 1981) (and cases cited therein). Appellant's second and third points of error are overruled.

■ In his fourth point of error appellant contends that the trial court erred by not granting a hearing pursuant to TEX. CODE CRIM.PROC.ANN. art. 38.22, sec. 6 (Vernon 1981) on the admissibility of his oral confession to the D.H.S. child protective specialist. Appellant contends that his objections of "improper rebuttal" to the admission of testimony by the specialist discussed above were sufficient to raise the question of voluntariness of a statement of the accused.

˙ We do not reach the merits of appellant's argument because art. 38.22, sec. 6 becomes operative only "where a question is raised as to the voluntariness of a statement of an accused...." The objection of counsel to statements by the State's wit-

ness bore no relation to the voluntary nature of appellant's confession.

■ When an objection is made, it must not only identify what is objected to but must set forth grounds for the objection in order to preserve error for review. *Cisneros v. State,* 692 S.W.2d 78, 83 (Tex.Crim. App.1985) (and cases cited therein); *Gentsch v. State,* 654 S.W.2d 768, 770 (Tex. App.—Houston [14th Dist.] 1983, no pet.) The policy underlying specific objections serves two purposes: (1) specific objection is required to inform the judge of the basis of the objection and afford him an opportunity to rule appropriately; (2) specific objection will allow opposing counsel an opportunity to remove the objection or supply other testimony. *Zillender v. State,* 557 S.W.2d 515 (Tex.Crim.App.1977).

In this case appellant's objection of "improper rebuttal" was overruled for reasons explained in our discussion of points two and three and the record reveals no other objection based upon grounds of the voluntariness of appellant's admissions. We hold that appellant's objection to the testimony of the D.H.S. specialist during rebuttal in the guilt-innocence phase of trial was insufficient to put the court on notice of any question as to voluntariness of appellant's admissions pursuant to TEX.CODE CRIM.PROC.ANN. art. 38.22, sec. 6. *Lindley v. State,* 635 S.W.2d 541, 544–45 (Tex.Crim. App.1982). Appellant's failure to object accordingly waived any error that may have resulted in the admission of such evidence. *Little v. State,* 758 S.W.2d 551, 563 (Tex. Crim.App.), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). Appellant's fourth point of error is overruled.

■ In his fifth point of error appellant contends that the trial court erred in refusing his request that the jury consider the lesser included offense of sexual assault. His argument is twofold. First, he contends that there was *some* evidence of sexual abuse by appellant both before and after the victim's fourteenth birthday. He supports that contention with his written confession that "we had sex one month maybe two months ago." That confession was dated November 23, 1988, and it was

feasible that some of the offensive acts occurred as late as October 23, 1988, thirty-two days after the child's fourteenth birthday. Second, he urges us to consider the indictment in light of *Nees v. State,* 402 S.W.2d 186 (Tex.Crim.App.1966), and its progeny. That case holds that no denial of due process of law results from a variance between the date an offense is alleged in an indictment and the date upon which a jury may be instructed to find commission of the offense when the "on or about" period ends on the day before indictment and begins on the first day previous to that day upon which the applicable statute of limitations would begin to run.

Evidence admitted in this case supported the State's allegation that abuse began as early as January 1988 and might have continued on a regular basis until one month prior to indictment. The indictment, however, was limited to acts committed in violation of TEX.PENAL CODE ANN. § 22.021(a)(2)(B) (Vernon 1989). Appellant's argument is fatally flawed because the indictment, trial and conviction all proceeded under this section which required the State to prove commission of the offense *before* the victim's fourteenth birthday. The prosecution did prove its case while introducing additional evidence of later offenses that fell outside the purview of the indictment.

Sexual assault is generally held to be a lesser included offense under the charge of aggravated sexual assault. *Dodson v. State,* 699 S.W.2d 251 (Tex.App.—Tyler 1985, no pet.). Such is not the case in a charge under sec. 22.021(a)(2)(B), which statutorily mandates the offense of aggravated sexual assault when "[a] person commits an offense ... [any of the offenses categorized under subsec. (1)] ... if the victim is younger than 14 years of age." A defendant indicted pursuant to sec. 22.021(a)(2)(B) cannot be found guilty of a lesser included offense of sexual assault.

To be eligible for conviction of a lesser included offense it must be:

> established by proof of the *same* or *less than all facts* required to establish the commission of the offense charged....

TEX.CODE CRIM.PROC.ANN. art. 37.09(1) (Vernon 1981) (emphasis added).

The facts required to establish the offense charged under sec. 22.021(a)(2)(B) are mutually exclusive of those required for sexual assault under TEX.PENAL CODE ANN. § 22.011 which addresses offenses only against adults and children *over the age of fourteen.* Although evidence introduced at trial included proof of offenses other than that charged there was no requirement that the trial court include a charge on the lesser offense. *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985). To meet the threshold for inclusion of sexual assault as a lesser included offense, appellant was required to show the lesser included offense was included *within the proof* necessary to establish the offense charged and that the record contained some evidence that proved guilt *only of the lesser offense. Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (and cases cited therein). Appellant demonstrated neither element to the trial court, which did not err in failing to submit his requested charge for a lesser included offense. Appellant's fifth point of error is accordingly overruled.

In his sixth point of error appellant contends the court committed fundamental error by limiting its charge to the jury to consider only offenses committed prior to the victim's fourteenth birthday. As this court explained above appellant was not entitled to a charge on a lesser included offense.

Had the trial court allowed the jury to consider offenses committed after the child's fourteenth birthday the charge would have been internally contradictory because the evidentiary requirement borne by the State was to prove that, at the time of the offense charged, the victim was "younger than fourteen (14) years of age." TEX.PENAL CODE ANN. § 22.021(a)(2)(B). As a result the court had no alternative except to carefully craft a charge that followed the indictment. If the judge had included elements of an offense other than the one alleged in the indictment the jury charge would have been fundamentally defective.

*Richardson v. State,* 744 S.W.2d 65, 84 (Tex.Crim.App.1987), *vacated on other grounds,* 492 U.S. 914, 109 S.Ct. 3235, 106 L.Ed.2d 583 (1989); *See Jackson v. State,* 591 S.W.2d 820, 824 (Tex.Crim.App.1980). Appellant's sixth point of error is overruled.

 In his final point of error appellant alleges that the evidence is insufficient to corroborate his oral and written confessions to the corpus delicti of the offense. Testimony at trial from the State's witnesses was that complainant's outcry statements described "oral and vaginal intercourse" and "oral and regular intercourse." Appellant's confession and judicial admission during punishment phase of the trial was that he "had sex" with his daughter. His written confession states that "we made sex" and "we had sex." It is now his contention that he never admitted to *sexual intercourse* with the victim. Because the State abandoned its allegation of oral sex before trial and because the word "intercourse" is absent from the many confessions of appellant, he now urges that no evidence exists to connect his admissions to the State's singular theory that sexual intercourse occurred between appellant and his daughter.

The standard for sufficiency of proof in corroborating an extra-judicial confession is well known. If there is *some* evidence corroborating a confession, the confession may be used to establish the corpus delicti. *White v. State,* 591 S.W.2d 851, 864 (Tex.Crim.App.1980) (and cases cited therein), *cert. denied,* 459 U.S. 1118, 103 S.Ct. 757, 74 L.Ed.2d 973 (1983). The corpus delicti may be proved by circumstances as well as by direct evidence, and a confession may supply sufficient circumstantial evidence that would otherwise be found insufficient without it. *Id.* In consideration of the effect of appellant's judicial admission of guilt, the weight of his extra-judicial confessions and all the other evidence before the jury we hold that there was some evidence for the jury to find that appellant engaged in acts of sexual intercourse with complainant and that, within the context of this case, the State ade-

quately proved the corpus delicti of the offense. Appellant's final point of error is overruled.

The judgment of the trial court is affirmed.