**Norman Lee BIRL, Jr., Relator,**

v.

**The Honorable William R. PORTER, Judge, 276th Judicial District Court, Titus County, Texas, Respondent.**

No. 6–92–096–CV.

Court of Appeals of Texas, Texarkana.

Aug. 11, 1992.

· Dan K. Parchman, Mt. Vernon, John M. McIntyre, Daingerfield, for relator.

William R. Porter, Dist. Judge, 76th Judicial District Court, Morris County Courthouse, Daingerfield, Charles C. Bailey, Dist. Atty., Mt. Pleasant, for respondent.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

GRANT, Justice.

Norman Lee Birl, Jr. has filed a petition for writ of mandamus asking that this Court order The Honorable William R. Porter, Judge of the 276th Judicial District Court of Titus County, to vacate his order of March 20, 1992, in cause number 11,537–A. That order directed the court reporter not to transcribe or include in the statement of facts the proceedings relative to those potential jurors who were excused for cause on Birl's motion.

In the cause below, Birl was tried and convicted of the offense of capital murder and was sentenced to life imprisonment. Birl made a timely written request that all proceedings of the trial be reported and transcribed, including all voir dire examinations, and that a free copy be provided to him pursuant to TEX.R.APP.P. 53(j)(2). On March 20, 1992, the trial judge issued an order in which he concluded that a transcription of the voir dire examinations of those persons excused for cause on Birl's motion would be extremely voluminous; that no harmful error could be predicated on the examinations of the excused jurors; that pursuant to TEX.R.APP.P. 53(c), nonessential matters should be omitted from the statement of facts; that transcription of such examinations would cause an unreasonable and undue burden on the court reporter and interfere with the reporter's duties with regard to other matters pending before the court; and that the request would cause an unreasonable and undue burden on the taxpayers of Titus County who must bear the cost of transcription.

In *McGee v. State*, 711 S.W.2d 257 (Tex. Crim.App.1986), a death penalty case, the Court of Criminal Appeals held that the language was mandatory in TEX.CODE CRIM. PROC.ANN. art. 40.09 (now contained in TEX. R.APP.P. 50 *et seq.*), requiring the court reporter to record and to transcribe all trial proceedings, including voir dire examinations, if timely requested by a party to do so. That Court further held that Article 40.09 required a trial judge to order the court reporter to make such a transcription without charge if the defendant was found to be indigent. *Id.* The Court observed, with all due respect to the trial court's motivation in lessening the cost to taxpayers, that the trial court was bound to comply with the mandatory language of the statute. *Id.* The Court also held that no showing of harm was required of a defendant in order to be entitled to an entire transcription. *Id.*

The Court of Criminal Appeals, however, has extended its holding in *McGee* to nondeath penalty cases. *Hernandez v. State*, 785 S.W.2d 825 (Tex.Crim.App.1990). The facts in *Hernandez* are squarely in point with the present case. The trial court in *Hernandez* had excluded from the record on appeal those portions of the voir dire examinations of prospective jurors who had been excused upon challenge for cause by the defendant. Citing *McGee*, the Court held that TEX.R.APP.P. 53(j) (derived from the former TEX.CODE CRIM.PROC.ANN. art. 40.09) mandates that the trial court order the court reporter to transcribe those portions of the court reporter's notes designated by an indigent appellant. The Court reversed and remanded the cause to the Court of Appeals with instructions to order the trial court to supplement the statement of facts with those portions of the court reporter's notes designated by the appellant.

The only case cited in the State's brief is that of *Bird v. State*, 692 S.W.2d 65 (Tex. Crim.App.1985). This case sets forth the harmless error rule, which is also contained in TEX.R.APP.P. 81(b). The mandatory literal application of TEX.R.APP.P. 53(j) seems to defy logic and the harmless error rule. If the defendant received all the relief that he had requested from the trial court by having the juror struck, how could there be harmful error, or even error? Rule 53, however, does not involve a determination of whether there is harmless error. It involves whether the entire record is available to counsel so that he can search for possible errors. Counsel contends that he does not know what this record may reveal until he has had an opportunity to read it. Counsel suggests that the record might show a pattern of questioning by the trial court that could show bias. Furthermore, counsel contends that there may be a point of error based upon the trial court's failure to grant the defendant additional peremptory strikes and that to prevail on this point of error, the defendant must show that he made proper use of the allotted peremptory strikes. *See Green v. State*, 764 S.W.2d 242, 247 (Tex.Crim.App.1989).

A discussion of whether this is a good rule could be an academic field day, but it would only be academic. The Court of Criminal Appeals has set forth a specific rule, and according to recent case law (cit-

ed above) from that Court, decided en banc, the Court has stated that the rule is mandatory. While the trial court and this Court may lament the rule and urge its modification, we cannot refuse or ignore the application required by the highest court for criminal cases in our state. Further discussion of its merit would be futile. The Court of Criminal Appeals has spoken, leaving no judicial discretion on this matter in this Court or in the trial court. The defendant is not required to justify his need for these portions of the transcript by showing that it is essential to questions on appeal. He is entitled to have transcribed all of the trial proceeding upon request.

We conditionally grant the petition for writ of mandamus, and we direct the trial court to vacate its order of March 20, 1992, declining to furnish the relator with a full transcription of the voir dire examination. We further instruct the trial court to order the court reporter to prepare the statement of facts as requested by appellant. We are confident that the trial court will comply with our directions and instructions, and the writ will issue only if it fails to do so.