Christopher BENNETT, Relator,

v.

Hon. Sam PAXSON, Judge of the 210th District Court of El Paso County, Respondent.

No. 08–96–00051–CR.

Court of Appeals of Texas, El Paso.

March 7, 1996.

M. Clara Hernandez, El Paso County Public Defender, El Paso, for relator.

Sam Paxson, El Paso, for respondent.

Jaime E. Esparza, District Attorney, El Paso, for State/respondent.

Before BARAJAS, C.J., and LARSEN, McCLURE and CHEW, JJ.

### OPINION

BARAJAS, Chief Justice.

Relator Christopher Bennett, an indigent, filed a petition for writ of mandamus asking that this Court order the Honorable Sam Paxson, Judge of the 210th Judicial District Court of El Paso County, Texas, to vacate his order refusing to provide him with a copy of the voir dire portion of his criminal trial at county expense. We conditionally grant the writ.

### I. PROCEDURAL HISTORY

Bennett was convicted of the offense of capital murder on October 27, 1995 and sentenced to life in prison on November 2, 1995. On November 22, 1995, Bennett, through appointed counsel, filed his "Designation of Record on Appeal" specifically including a request for "[t]he complete voir dire examination and jury selection process, to include any *Batson* hearings." Also on November 22, 1995, the trial court signed an order granting Bennett's request for a statement of facts at county expense and ordering the court's court reporter to prepare the statement of facts at county expense. The order, however, contained a handwritten notation stating "**No Voir Dire.**" [Emphasis supplied]. Bennett filed an additional "Motion for Court Reporter to Type Voir Dire" on January 4, 1996. The trial court denied the motion on January 8, 1996.

### II. DISCUSSION

#### A. Standard of Review.

Mandamus will lie to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). Moreover, there must be no other adequate remedy at law. *Id.* Criminal mandamus will lie when the act sought to be compelled is purely ministerial (as opposed to discretionary) in nature, and when no other adequate remedy is available. *Collins v. Kegans*, 802 S.W.2d 702, 704 (Tex.Crim.App.1991) (orig. proceeding).

#### B. Application of These Facts to the Standard

This case unquestionably involves the violation of a ministerial duty as opposed to one in which the trial judge has discretion. For reasons not stated in the record, the trial court has refused to provide an indigent defendant, convicted of a capital offense, with a transcription of the voir dire portion of his criminal trial at county expense.

Texas Rule of Appellate Procedure 53(j)(2) provides in the clearest of terms that once the trial court "finds the appellant is unable to pay for or give security for the statement of facts, the court **shall** order the reporter to furnish the statement of facts, ... the court reporter **shall** be paid from the general funds of the county...." [Emphasis supplied]. Tex.R.App.P. 53(j)(2); *Hernandez v. State*, 785 S.W.2d 825, 826 (Tex.Crim.App. 1990). In *Hernandez v. State*, the defendant was convicted by a jury of capital murder in the 210th Judicial District Court, El Paso County. Relator in the instant case was likewise convicted by a jury of capital mur-

der. This **identical** trial judge presided in the *Hernandez* case as well as in the instant case. Hernandez, as well as the Relator in the instant case, was indigent and represented on appeal by court-appointed counsel. Both Hernandez and this Relator requested a statement of facts including the entire voir dire examination. In both cases, the trial court ordered the court reporter's notes transcribed at the State's expense but **excluded** any voir dire examination. Hernandez appealed. This Court affirmed, and review was granted. The Court of Criminal Appeals held that this Court erred in finding defendant was not harmed by the trial court's exclusion from the record on appeal of certain portions of voir dire examination of prospective jurors. *Hernandez,* 785 S.W.2d at 825. It further found that an indigent appellant is entitled to a full statement of facts, and reversed the judgment of conviction without regard to a harm analysis. *Hernandez,* 785 S.W.2d at 826. The Court of Criminal Appeals has clearly and understandably set forth a specific rule, leaving no judicial discretion on this matter in the trial court. *See Birl v. Porter,* 836 S.W.2d 313, 314–15 (Tex.App.—Texarkana 1992, orig. proceeding). Thus, the trial court clearly violated his mandatory, ministerial duty to order the court reporter to provide the voir dire from Bennett's trial at county expense.

▪ We now turn to the second prong of the standard, whether Bennett has an alternative other than mandamus adequate to remedy the trial court's erroneous action. We find that Bennett has no adequate remedy at law in this case. Bennett cannot show error, if he believes it to exist, at the voir dire stage of trial without a transcription of that portion of the statement of facts. Further, Bennett's counsel is deprived of the ability to review the voir dire portion of the record to ascertain if error exists. An appeal under these circumstances is not complete and it affords no real remedy at all.

Having found both that the trial court violated a ministerial duty and that Bennett has no adequate remedy for that violation, we find that mandamus is appropriate. Rule 53(j)(2) mandates that the trial court order transcribed those portions of the court re-

porter's notes designated by an indigent appellant. Violations of that mandatory language are violations of simple ministerial duties. We conditionally grant the writ of mandamus and order the trial court to supplement the statement of facts with those portions of the court reporter's notes designated by Relator Bennett. The writ of mandamus will not issue unless Judge Paxson fails to withdraw his order refusing to provide a transcription of the voir dire portion of Bennett's trial at county expense and further fails to substitute an order to supplement the statement of facts with those portions of the court reporter's notes designated by Relator Bennett, at no expense to the indigent Relator.