Affirmed and Memorandum Opinion filed October 12, 2004









Affirmed and Memorandum Opinion filed October 12, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01213-CR

_______________

 

MARIO ASTUL APARICIO, Appellant

 

V.

 



THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th District Court

Harris County, Texas



Trial
Court Cause No. 940,948

 



 

M E M O R A N D
U M   O P I N I O N

A jury found appellant, Mario Aparicio, guilty of murder and
sentenced him to life imprisonment.  In
his sole issue, he contends the trial court erred in denying his motion to
suppress his oral statement.  Because all
dispositive issues are clearly settled in law, we issue this memorandum opinion
and affirm.  See Tex. R. App. P. 47.4.

I. 
Background








According to the State=s evidence, appellant shot and killed
David Rendon at Rendon=s home.  Appellant was
arrested the same day after being pursued by police.  At police headquarters, appellant gave an
oral videotaped statement.  In the
statement, appellant asserted that Rendon had robbed him of about $2,500, and
appellant went to Rendon=s home to confront him about the robbery. 

II. 
Discussion

In his sole issue, appellant argues that the trial court
erred in denying his pretrial motion to suppress because his oral confession
does not meet the requirements for admissibility under Article 38.22 of the
Texas Code of Criminal Procedure.[1]  In the videotaped statement, there are about
sixty instances where the spoken words are not audible.  Appellant, therefore, contends that the
statement was inadmissible because the device used to record the statement was
not capable of making an accurate recording, the recording was not accurate,
and the operator of the device was not competent.  See Tex.
Code Crim. Proc. Ann. art.
38.22 ' 3(a)(3) (Vernon Supp. 2004).  We will not consider appellant=s contentions, however, because he
has failed to preserve the issue for our review.           

When a pretrial motion to suppress evidence is denied, the
accused need not object to the same evidence again at trial to preserve
error.  Ebarb v. State, 598 S.W.2d
842, 843 (Tex. Crim. App. 1980); Gearing v. State, 685 S.W.2d 326, 329
(Tex. Crim. App. 1985), overruled on other grounds, Woods v. State,
956 S.W.2d 33 (Tex. Crim. App. 1997). 
However, when an accused affirmatively states during trial that
he has Ano objection@ to the admission of the complained
of evidence, he waives any error in the admission of the evidence despite the
pretrial ruling.  Dean v. State,
749 S.W.2d 80, 83 (Tex. Crim. App. 1988) (emphasis added); Gearing, 685
S.W.2d at 329.  








In this case, appellant initially preserved error through the
trial court=s ruling on the pretrial motion to
suppress.  However, when the State
introduced the videotaped statement at trial, appellant expressly stated, ANo objections, your Honor.  I=ve seen it.@[2] 
Additionally, when the State introduced a transcript of the statement
into evidence, appellant stated, AYour Honor, I=ve read it from page 1 through 24,
and I have no objections, your Honor.@[3] 
Appellant=s affirmative acceptance of both the videotaped statement,
and the transcript of the statement, waived any error in their admission.

Furthermore, there is another reason why appellant has waived
his right to complain about the admissibility of the statement under Article
38.22, Section 3(a)(3).  A motion to
suppress is nothing more than a specialized objection to the admission of evidence.  See Martinez v. State, 17 S.W.3d 677,
682B83 (Tex. Crim. App. 2000).  An objection to the admission of evidence
must be specific and the grounds for the objection must be clearly expressed in
order to preserve error.  Tex. R. App. P. 33.1(a); Villareal
v. State, 811 S.W.2d 212, 217 (Tex. App.CHouston [14th Dist.] 1991, no
pet.).  If the objection in the trial
court differs from the complaint made on appeal, the defendant has failed to
preserve error for review.  Wilson v.
State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  








At the motion to suppress hearing, appellant argued only that
the statement was inadmissible because it appeared that appellant was Ahalf asleep, just sitting there
pretty slouched over, leaning back in the chair@ and Awasn=t all there and didn=t really seem to know what was going
on@ at the time he made the
statement.  Appellant did not contend,
either in his written motion to suppress or at the suppression hearing, that
his statement was inadmissible because the device used to record the statement
was not capable of making an accurate recording, the recording was not
accurate, and the operator of the device was not competent.  See Tex.
Code Crim. Proc. Ann. art.
38.22 ' 3(a)(3).[4]
 Because the argument raised on
appeal does not comport with the objection made to the trial court, appellant
has failed to preserve the issue for appellate review. 

Accordingly, we overrule appellant=s sole issue.  The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed October 12, 2004.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The relevant
part of article 38.22 provides: ANo oral
or sign language statement of an accused made as a result of custodial
interrogation shall be admissible against the accused in a criminal proceeding
unless . . . the recording device was capable of making an accurate recording,
the operator was competent, and the recording is accurate and has not been
altered.@  Tex. Code Crim. Proc. Ann. art. 38.22 ' 3(a)(3) (Vernon Supp. 2004). 





[2]  Following a
bench discussion off the record, the State re-offered the videotaped statement
into evidence, and appellant once again responded, ANo objections, your Honor.@





[3]  In the
videotaped statement, appellant and the officers conducting the interview are
speaking in Spanish.  Accordingly, a
transcript of the statement, translated into English, was given to each juror so
that she could follow along as the statement was read aloud in court.  





[4]  In his written
motion to suppress, appellant urged that his statement be suppressed Abased upon the Fourth, Fifth, Sixth, and Fourteenth
Amendments to the Constitution of the United States, Article I, sections 9, 10,
and 19 of the Texas Constitution and Article 15.01, 38.21, 38.22, and 38.23,
V.A.C.C.P., as well as the requirements set out in Jackson v. Denno, 378
U.S. 368, as well as the doctrine of the fruit of the poison tree of Wong
Sun v. U.S., 371 U.S. 471 (1963).@  Despite appellant=s reference to Article 38.22, he did not alert the
trial court to the alleged errors of which he now complains.  Accordingly, appellant=s mere reference to Article 38.22 is not sufficient to
preserve error on appeal.  See Tex. R. App. P. 33.1(a); Wead v.
State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004) (appellate court reviewing
a trial=s court ruling on the admission of evidence must do so
in light of the arguments before the trial court at the time it ruled).