NO. 07-02-0204-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 27, 2003


______________________________



KEVIN DAAWN DARNES
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 43, 144-E; HON. ABE LOPEZ, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant Kevin DaAwn Darnes appeals his conviction for capital murder via four
issues. Two concern the trial court's decision to exclude evidence of a mental condition
of which he purportedly suffered. His third issue involves the trial court's refusal to instruct
the jury on a lesser-included offense, while the last issue concerns the exclusion of
evidence allegedly relevant to whether his confession was voluntary. (1) We affirm the
conviction. 

Issues One and Two - Exclusion of Evidence Relating to His Mental Condition


 As previously mentioned, appellant's first two issues involve the exclusion (during
the guilt-innocence phase of the trial) of evidence relating to a mental condition of which
he allegedly suffered. The condition was known as "intermittent explosive disorder." 
According to appellant, the evidence was relevant even though he was not claiming
insanity. This was supposedly so because it negated the mens rea averred by the State
in the indictment. The evidence would have illustrated that he could not have acted with
the specific intent requisite to the commission of capital murder, according to appellant. 
Furthermore, in excluding the evidence, the trial court allegedly denied him due process. 
We overrule the issues for the following reasons.

 First, the argument that evidence regarding one's mental condition may be used to
negate the mens rea involved in a specific intent crime was rejected in Wagner v. State,
687 S.W.2d 303 (Tex. Crim. App. 1984). As stated by the Texas Court of Criminal Appeals
in that opinion, "the issue of appellant's sanity having been taken out of the case,
appellant's proffered evidence was not material on the issue of his guilt, and its
introduction at the guilt phase . . . would only have confused the jury . . . ." Id. at 312;
accord Warner v. State, 944 S.W.2d 812, 815-16 (Tex. App.-Austin 1997, pet. dism'd)
(also holding the evidence inadmissible). 

 Second, though appellant alludes to art. 38.36 of the Texas Code of Criminal
Procedure in his appellate brief, he fails to illustrate where it was mentioned at trial as
grounds for admitting the evidence. Nor did our review of those portions of the record to
which he cites reveal that the statute was mentioned as a ground supporting admission of
the evidence. Since it is clear that the grounds urged for reversal on appeal must comport
with those uttered at trial and art. 38.36 was not mentioned below, appellant failed to
preserve any complaint founded upon art. 38.36. Brown v. State, 6 S.W.3d 571, 582 (Tex.
App.-Tyler 1999, pet. ref'd).

 Third, while appellant did contend that the trial court's decision denied him a litany
of rights afforded him under the United States and Texas Constitutions, nothing was said
about those constitutional rights until he made a "proffer of evidence." That occurred after
both the State and appellant completed the presentation of their respective cases at the
guilt-innocence phase of the trial. It is clear that one must contemporaneously object to
that which he perceives as objectionable. Weyandt v. State, 35 S.W.3d 144, 154 (Tex.
App.-Houston [14th Dist.] 2000, no pet.). Furthermore, "when the objection is made," the
litigant "must not only identify what is objected to but [also] must set forth grounds for the
objections." (Emphasis added). Cisneros v. State, 692 S.W.2d 78, 83 (Tex. Crim. App.
1985); Villareal v. State, 811 S.W.2d 212, 217 (Tex. App.-Houston [14th Dist.] 1991, no
pet.). Given this, logic dictates that all the grounds relied upon must be asserted
contemporaneously with the objection. Withholding one or more of those grounds when
the complaint involves matters of evidence until both parties have completed their
respective presentation of the evidence is hardly contemporaneous. Under that
circumstance, it can be said that the trial court has been denied the opportunity to rule
appropriately. See Villareal v. State, 811 S.W.2d at 217 (stating that one of the policy
reasons underlying the need for a specific objection is to inform the judge of the basis of
the objection and afford him the opportunity to rule appropriately). Consequently, we hold
that appellant waived any complaint he had founded upon the supposed denial of his
constitutional rights.

 Nevertheless, and assuming that the constitutional complaints had been preserved,
we conclude that appellant's reliance on Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920,
18 L.Ed.2d 1019 (1967) is misplaced. While the Supreme Court there recognized that due
process affords a defendant the right to present witnesses to establish a defense,
Washington dealt with the right to compulsory process and a statute prohibiting persons
charged as principles, accomplices, or accessories from being witnesses for each other. 
Id. U.S. at 23, 87 S.Ct. at 1925, 18 L.Ed.2d at 1025. The Court said nothing about having
a due process right to present evidence of a mental condition for purposes of defeating the
applicable mens rea. Nor do we read it as holding that a litigant has a due process right
to offer irrelevant evidence. Indeed, we know of no opinion so suggesting. Thus, to the
extent that the Texas Court of Criminal Appeals held evidence of the ilk at bar to be
irrelevant under the circumstances at bar, we find no violation of due process when the
trial court excludes it.

Issue Three - Lesser-Included Offense


 In his third issue, appellant contends that the trial court erred in refusing to instruct 
the jury on the lesser-included offense of "simple murder." That is, he asserts that
evidence appeared of record supporting the submission of "non-capital murder." The
evidence in question consisted of a statement purportedly indicating that appellant acted
in anger and under a loss of control and was on suicide watch after being arrested. And,
since it was before the jury, the latter allegedly could have found that appellant "killed
Kaleb without the intent to do so." (Emphasis added). In other words, appellant asserts
that because some evidence illustrates that he did not intentionally kill the decedent, the
trial court should have instructed the jury on the lesser offense of simple murder. (2) We
overrule the issue.

 As previously mentioned, the State charged appellant with capital murder. It did so
on the basis that he "intentionally or knowingly cause[d] the death of . . . Kaleb Miles,  .  . .
and the said Kaleb Miles was then and there an individual under six years of age." 
According to statute, one may be convicted of capital murder if he "commits murder as
defined under Section 19.02(b)(1) [of the Penal Code] and . . . murders an individual under
six years of age." Tex. Pen. Code Ann. §19.03(a)(8) (Vernon Supp. 2004). Furthermore,
one commits murder under §19.02(b)(1) if he "intentionally or knowingly causes the death
of an individual." (Emphasis added). Id. §19.02(b)(1) (Vernon 2003). In other words, an
accused need not "intentionally" cause death to be found guilty of murder; he may be so
convicted if he acted "knowingly." And, to the extent that a knowing (as opposed to an
intentional) mens rea is sufficient, then it logically follows that if the decedent is also under
six years of age, the accused has performed acts sufficient to satisfy the elements of
capital murder. So, merely disproving that he may have acted "intentionally" does not ipso
facto insulate the actor from being found guilty for capital murder if he nonetheless was
charged with acting, and the State proved he acted with, a knowing state of mind. (3) And,
therein lies the problem with appellant's argument.

 Again, the State indicted appellant for intentionally or knowingly causing the death
of an individual under six. Moreover, the trial court charged the jury in a similar, disjunctive
fashion. So, evidence tending to illustrate that appellant did not intentionally cause the
death of the eleven-month-old child did not insulate appellant from being convicted of
capital murder. As previously illustrated, he could be found guilty of the charge if the State
proved and the factfinder concluded that he acted with a knowing state of mind. Thus,
rebutting the accusation of an intentional mens rea did not entitle appellant to an
instruction on simple murder since the evidence cited by appellant (assuming the jury
believed it) did not require the factfinder to conclude that if he was guilty, he was guilty
only of murder. See Schweinle v. State, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996) (stating
that before the court must charge the jury about the lesser-included offense, the evidence,
if believed by the jury, must show that appellant was guilty only of the lesser crime).

 Next, we note that appellant filed a supplement brief wherein he asserted, for the
first time, that he was entitled to an instruction on the lesser-included offense of murder
under §19.02(b)(2) of the Texas Penal Code. That statute permits the conviction of one
for murder via proof that while intending to cause serious bodily injury the actor committed
an act clearly dangerous to human life that resulted in the death of an individual. Tex.
Pen. Code Ann. § 19.02(b)(2) (Vernon 2003). Aside from the fact that the same evidence
which allegedly negated the mens rea of intent for purposes of capital murder would most
likely negate it for purposes of murder under §19.02(b)(2), the issue was not preserved. 
Simply put, he did not request the instruction. Furthermore, the failure to ask the trial court
to charge the jury on a lesser-included offense does not preserve the issue for review. 
Hernandez v. State, 10 S.W.3d 812, 821 (Tex. App.-Beaumont 2000, pet. ref'd); see
Posey v. State, 966 S.W.2d 57, 63-64 (Tex. Crim. App. 1998) (stating that Almanza
concerns issues of which a trial court has a duty to inform the jury and that it does not
require the sua sponte submission of defensive issues).

Issue Four - Voluntariness of Statement
 

 In his fourth issue, appellant again attacks the trial court's decision to exclude
evidence of his purported mental condition. This time he does so in relation to the
voluntariness of his confession. That is, he believes that the evidence had relevance to
whether his confession was voluntarily uttered. We overrule the issue. 

 For purposes of this issue, we assume arguendo that evidence of a mental
condition could be relevant to the question of whether one voluntarily confessed. See
Reed v. State, 59 S.W.3d 278, 281 (Tex. App.-Fort Worth 2001, pet. ref'd) (stating that
mental impairment is a factor in ascertaining the voluntariness of a confession). Yet, we
conclude that the relevance of the evidence is also dependent on the satisfaction of at
least two criteria. The first concerns the existence of proof (either direct, circumstantial or
inferential) illustrating that the mental condition of which he suffered was reasonably
capable of having such an affect on appellant's mind so as to render the confession
involuntary. Indeed, if it was not of such ilk then it could hardly be relevant to the question
of whether it interfered with his ability to act voluntarily. The second concerns the
existence of proof illustrating that the condition impaired the accused at the time he
confessed. For instance, if the condition was such that it had to be triggered by certain
stimuli and that stimuli was absent at the time of the confession, then evidence of the
condition would be irrelevant. 

 Here, appellant cites us to nothing of record suggesting that the mental condition
of which he purportedly suffered was capable of preventing him from acting voluntarily
under the circumstances and at the time of his confession. Nor does he cite us to
evidence suggesting that the condition affected his thought processes or free will at that
very same time. Moreover, his "proffer of evidence" does not fill the void. Through it,
appellant simply described, in general, past diagnoses of his mental condition and the
potential effect of that condition on his mens rea at the time he killed the eleven-month-old
child. He does not describe the excluded evidence as suggesting that his alleged
condition was in any way operative when he confessed or that it impaired his ability to
voluntarily confess when he confessed. Under these circumstances, we cannot say that
the trial court abused its discretion in concluding that the evidence was irrelevant to the
issue of the voluntariness of his confession. 

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn

 Justice 

Publish.

1. Appellant does not argue on appeal that his confession was involuntary. Nor does he assert that
the trial court erred in admitting it into evidence. He simply contests the trial court's refusal to admit
evidence purportedly relevant to the voluntariness of his inculpatory statements.
2. Appellant does not argue that this evidence also rebuts the possibility that he acted knowingly. 
3. This assumes, of course, that if both an intentional and knowing mens rea are mentioned in the
indictment, the trial court charged the jury about those mental states in the disjunctive. See Wagner v. State,
687 S.W.2d 303, 310 (Tex. Crim. App. 1984) (holding that because the jury was charged in the conjunctive,
the jury had to find that the appellant acted intentionally); Id. at 308 (holding that because the jury was
charged in the disjunctive, the appellant could be convicted simply because he knowingly committed the act).