NO. 07-02-0204-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 27, 2003
_____

KEVIN DAAWN DARNES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 43, 144-E; HON. ABE LOPEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant Kevin DaAwn Darnes appeals his conviction for capital murder via four issues. Two concern the trial court's decision to exclude evidence of a mental condition of which he purportedly suffered. His third issue involves the trial court's refusal to instruct the jury on a lesser-included offense, while the last issue concerns the exclusion of

evidence allegedly relevant to whether his confession was voluntary.[1] We affirm the conviction.

***Issues One and Two – Exclusion of Evidence Relating to His Mental Condition***

As previously mentioned, appellant's first two issues involve the exclusion (during the guilt-innocence phase of the trial) of evidence relating to a mental condition of which he allegedly suffered. The condition was known as "intermittent explosive disorder." According to appellant, the evidence was relevant even though he was not claiming insanity. This was supposedly so because it negated the *mens rea* averred by the State in the indictment. The evidence would have illustrated that he could not have acted with the specific intent requisite to the commission of capital murder, according to appellant. Furthermore, in excluding the evidence, the trial court allegedly denied him due process. We overrule the issues for the following reasons.

First, the argument that evidence regarding one's mental condition may be used to negate the *mens rea* involved in a specific intent crime was rejected in *Wagner v. State*, 687 S.W.2d 303 (Tex. Crim. App. 1984). As stated by the Texas Court of Criminal Appeals in that opinion, "the issue of appellant's sanity having been taken out of the case, appellant's proffered evidence was not material on the issue of his guilt, and its introduction at the guilt phase . . . would only have confused the jury . . . ." *Id.* at 312; *accord Warner v. State*, 944 S.W.2d 812, 815-16 (Tex. App.–Austin 1997, pet. dism'd) (also holding the evidence inadmissible).

---

[1]Appellant does not argue on appeal that his confession was involuntary. Nor does he assert that the trial court erred in admitting it into evidence. He simply contests the trial court's refusal to admit evidence purportedly relevant to the voluntariness of his inculpatory statements.

2

Second, though appellant alludes to art. 38.36 of the Texas Code of Criminal Procedure in his appellate brief, he fails to illustrate where it was mentioned at trial as grounds for admitting the evidence. Nor did our review of those portions of the record to which he cites reveal that the statute was mentioned as a ground supporting admission of the evidence. Since it is clear that the grounds urged for reversal on appeal must comport with those uttered at trial and art. 38.36 was not mentioned below, appellant failed to preserve any complaint founded upon art. 38.36. *Brown v. State,* 6 S.W.3d 571, 582 (Tex. App.–Tyler 1999, pet. ref'd).

Third, while appellant did contend that the trial court's decision denied him a litany of rights afforded him under the United States and Texas Constitutions, nothing was said about those constitutional rights until he made a "proffer of evidence." That occurred after both the State and appellant completed the presentation of their respective cases at the guilt-innocence phase of the trial. It is clear that one must contemporaneously object to that which he perceives as objectionable. *Weyandt v. State,* 35 S.W.3d 144, 154 (Tex. App.–Houston [14th Dist.] 2000, no pet.). Furthermore, "*when the objection is made,*" the litigant "must not only identify what is objected to but [also] must set forth grounds for the objections." (Emphasis added). *Cisneros v. State*, 692 S.W.2d 78, 83 (Tex. Crim. App. 1985); *Villareal v. State*, 811 S.W.2d 212, 217 (Tex. App.–Houston [14th Dist.] 1991, no pet.). Given this, logic dictates that all the grounds relied upon must be asserted contemporaneously with the objection. Withholding one or more of those grounds when the complaint involves matters of evidence until both parties have completed their respective presentation of the evidence is hardly contemporaneous. Under that

3

circumstance, it can be said that the trial court has been denied the opportunity to rule appropriately. *See Villareal v. State*, 811 S.W.2d at 217 (stating that one of the policy reasons underlying the need for a specific objection is to inform the judge of the basis of the objection and afford him the opportunity to rule appropriately). Consequently, we hold that appellant waived any complaint he had founded upon the supposed denial of his constitutional rights.

Nevertheless, and assuming that the constitutional complaints had been preserved, we conclude that appellant's reliance on *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) is misplaced. While the Supreme Court there recognized that due process affords a defendant the right to present witnesses to establish a defense, *Washington* dealt with the right to compulsory process and a statute prohibiting persons charged as principles, accomplices, or accessories from being witnesses for each other. *Id.* U.S. at 23, 87 S.Ct. at 1925, 18 L.Ed.2d at 1025. The Court said nothing about having a due process right to present evidence of a mental condition for purposes of defeating the applicable *mens rea*. Nor do we read it as holding that a litigant has a due process right to offer irrelevant evidence. Indeed, we know of no opinion so suggesting. Thus, to the extent that the Texas Court of Criminal Appeals held evidence of the ilk at bar to be irrelevant under the circumstances at bar, we find no violation of due process when the trial court excludes it.

### Issue Three – Lesser-Included Offense

In his third issue, appellant contends that the trial court erred in refusing to instruct the jury on the lesser-included offense of "simple murder." That is, he asserts that

4

evidence appeared of record supporting the submission of "non-capital murder." The evidence in question consisted of a statement purportedly indicating that appellant acted in anger and under a loss of control and was on suicide watch after being arrested. And, since it was before the jury, the latter allegedly could have found that appellant "killed Kaleb without the *intent* to do so." (Emphasis added). In other words, appellant asserts that because some evidence illustrates that he did not *intentionally* kill the decedent, the trial court should have instructed the jury on the lesser offense of simple murder.[2] We overrule the issue.

As previously mentioned, the State charged appellant with capital murder. It did so on the basis that he "intentionally or knowingly cause[d] the death of . . . Kaleb Miles, . . . and the said Kaleb Miles was then and there an individual under six years of age." According to statute, one may be convicted of capital murder if he "commits murder as defined under Section 19.02(b)(1) [of the Penal Code] and . . . murders an individual under six years of age." TEX. PEN. CODE ANN. §19.03(a)(8) (Vernon Supp. 2004). Furthermore, one commits murder under §19.02(b)(1) if he "intentionally *or* knowingly causes the death of an individual." (Emphasis added). *Id.* §19.02(b)(1) (Vernon 2003). In other words, an accused need not "intentionally" cause death to be found guilty of murder; he may be so convicted if he acted "knowingly." And, to the extent that a knowing (as opposed to an intentional) *mens rea* is sufficient, then it logically follows that if the decedent is also under six years of age, the accused has performed acts sufficient to satisfy the elements of capital murder. So, merely disproving that he may have acted "intentionally" does not *ipso*

---

[2]Appellant does not argue that this evidence also rebuts the possibility that he acted knowingly.

*facto* insulate the actor from being found guilty for capital murder if he nonetheless was charged with acting, and the State proved he acted with, a knowing state of mind.[3] And, therein lies the problem with appellant's argument.

Again, the State indicted appellant for intentionally *or* knowingly causing the death of an individual under six. Moreover, the trial court charged the jury in a similar, disjunctive fashion. So, evidence tending to illustrate that appellant did not intentionally cause the death of the eleven-month-old child did not insulate appellant from being convicted of capital murder. As previously illustrated, he could be found guilty of the charge if the State proved and the factfinder concluded that he acted with a knowing state of mind. Thus, rebutting the accusation of an intentional *mens rea* did not entitle appellant to an instruction on simple murder since the evidence cited by appellant (assuming the jury believed it) did not require the factfinder to conclude that if he was guilty, he was guilty only of murder. *See Schweinle v. State*, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996) (stating that before the court must charge the jury about the lesser-included offense, the evidence, if believed by the jury, must show that appellant was guilty only of the lesser crime).

Next, we note that appellant filed a supplement brief wherein he asserted, for the first time, that he was entitled to an instruction on the lesser-included offense of murder under §19.02(b)(2) of the Texas Penal Code. That statute permits the conviction of one for murder via proof that while intending to cause serious bodily injury the actor committed

---

[3]This assumes, of course, that if both an intentional and knowing *mens rea* are mentioned in the indictment, the trial court charged the jury about those mental states in the disjunctive. *See Wagner v. State,* 687 S.W.2d 303, 310 (Tex. Crim. App. 1984) (holding that because the jury was charged in the conjunctive, the jury had to find that the appellant acted intentionally); *Id.* at 308 (holding that because the jury was charged in the disjunctive, the appellant could be convicted simply because he knowingly committed the act).

an act clearly dangerous to human life that resulted in the death of an individual. Tᴇх. Pᴇɴ. Cᴏᴅᴇ Aɴɴ. § 19.02(b)(2) (Vernon 2003). Aside from the fact that the same evidence which allegedly negated the *mens rea* of intent for purposes of capital murder would most likely negate it for purposes of murder under §19.02(b)(2), the issue was not preserved. Simply put, he did not request the instruction. Furthermore, the failure to ask the trial court to charge the jury on a lesser-included offense does not preserve the issue for review. *Hernandez v. State,* 10 S.W.3d 812, 821 (Tex. App.–Beaumont 2000, pet. ref'd); *see Posey v. State*, 966 S.W.2d 57, 63-64 (Tex. Crim. App. 1998) (stating that *Almanza* concerns issues of which a trial court has a duty to inform the jury and that it does not require the *sua sponte* submission of defensive issues).

### *Issue Four - Voluntariness of Statement*

In his fourth issue, appellant again attacks the trial court's decision to exclude evidence of his purported mental condition. This time he does so in relation to the voluntariness of his confession. That is, he believes that the evidence had relevance to whether his confession was voluntarily uttered. We overrule the issue.

For purposes of this issue, we assume *arguendo* that evidence of a mental condition could be relevant to the question of whether one voluntarily confessed. *See Reed v. State*, 59 S.W.3d 278, 281 (Tex. App.–Fort Worth 2001, pet. ref'd) (stating that mental impairment is a factor in ascertaining the voluntariness of a confession). Yet, we conclude that the relevance of the evidence is also dependent on the satisfaction of at least two criteria. The first concerns the existence of proof (either direct, circumstantial or inferential) illustrating that the mental condition of which he suffered was reasonably

7

capable of having such an affect on appellant's mind so as to render the confession involuntary. Indeed, if it was not of such ilk then it could hardly be relevant to the question of whether it interfered with his ability to act voluntarily. The second concerns the existence of proof illustrating that the condition impaired the accused at the time he confessed. For instance, if the condition was such that it had to be triggered by certain stimuli and that stimuli was absent at the time of the confession, then evidence of the condition would be irrelevant.

Here, appellant cites us to nothing of record suggesting that the mental condition of which he purportedly suffered was capable of preventing him from acting voluntarily *under the circumstances and at the time of his confession*. Nor does he cite us to evidence suggesting that the condition affected his thought processes or free will at that very same time. Moreover, his "proffer of evidence" does not fill the void. Through it, appellant simply described, in general, past diagnoses of his mental condition and the potential effect of that condition on his *mens rea* at the time he killed the eleven-month-old child. He does not describe the excluded evidence as suggesting that his alleged condition was in any way operative when he confessed or that it impaired his ability to voluntarily confess when he confessed. Under these circumstances, we cannot say that the trial court abused its discretion in concluding that the evidence was irrelevant to the issue of the voluntariness of his confession.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn


8

Justice

Publish.