NO. 07-06-0002-CR


 07-06-0003-CR

 07-06-0004-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 30, 2006


______________________________


 

DAVID LONGORIA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407301; 2004-407304; 2004-407306;



HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant David Longoria seeks to appeal judgment in three cases for the offense
of Manufacture/Deliver Controlled Substance. We dismiss the appeals for want of
jurisdiction. 

 On September 2, 2005, appellant made an open plea of guilty, was convicted on
each cause, and the trial court set appellant's sentences. 

 On September 29, 2005, appellant filed a Motion for New Trial and Motion in Arrest
of Judgment. Appellant then filed Notice of Appeal on December 30, 2005. Appellant filed
a Motion for Extension of Time to File Notice of Appeal on January 19, 2006. The trial court
has certified that appellant has the right to appeal.

 Appellant's notice of appeal was due on or before December 1, 2005. Tex. R. App.
P. 26.2(a). The time for filing a notice of appeal may be extended for 15 days under certain
circumstances. Tex. R. App. P. 26.3. For the time to file a notice of appeal to be extended,
both a notice of appeal and a motion for extension of time, which complies with Rule
10.5(b), must be filed within 15 days of the deadline for the notice of appeal. Id; Olivio v.
State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Appellant's notice of appeal and motion
for extension of time were not filed within this 15-day period and are, therefore, untimely. 


 In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal. 
Tex. R. App. P. 25.2(b), 26.2. A timely filed notice of appeal is essential to invoke our
appellate jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivio,
918 S.W.2d at 522. 


 Appellant's failure to timely file notice of appeal prevents this court from having
jurisdiction over the appeals. Accordingly, the appeals are dismissed for want of
jurisdiction. (1) Tex. R. App. P. 39.8, 40.2, 43.2(f). 


 Mackey K. Hancock

 Justice 





Do not publish. 





 
1. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ
of habeas corpus returnable to the Texas Court of Criminal Appeals. See Tex. Code Crim.
Proc. Ann. art 11.07 (Vernon 2005); see also Ater v. Eighth Court of Appeals, 802 S.W.2d
241 (Tex.Crim.App. 1991). 



                     ______________________________

ROBERT LEE CASTELLON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 57,953-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
OPINION
          Appellant, Robert Lee Castellon, was convicted of aggravated assault with a deadly
weapon.


 Appellant was sentenced to serve 20 years confinement in the Institutional
Division of the Texas Department of Criminal Justice (ID-TDCJ). By a single issue,
appellant contends that the trial court committed reversible error when it did not sua sponte
instruct the jury on the lesser-included charge of deadly conduct.


 Disagreeing with
appellant’s contention, we affirm.
Factual and Procedural Background
          Appellant does not contest the sufficiency of the evidence, therefore, we will only
address so much of the factual background as is necessary for our opinion. Appellant and
Mellissa Loya, one of the daughters of the complaining witness, Leobardo Loya, were living
together with their child. Their relationship had been somewhat tumultuous. On the
evening in question, Mellissa had spoken on the telephone with appellant and, during the
conversation, appellant advised Mellissa that she should go to her parent’s home. Mellissa
proceeded to her parent’s home, and appellant arrived in his SUV. Mellissa and appellant
began to have an argument when Leobardo, who had been observing from the sidewalk,
started toward the SUV. Appellant got in his truck and started leaving and, when he got
approximately a half a block down the street, turned around and came back toward 
Leobardo’s home jumping the curb in his SUV and driving toward Mellissa and Leobardo. 
The SUV ran into some large flower pots immediately in front of Leobardo and stopped. 
Appellant backed out rapidly and drove off, apparently going around the block. He
reappeared and drove onto the lawn a second time. Again, appellant drove his vehicle
toward Mellissa and Leobardo, this time stopping when his windshield struck a branch on
a tree in the yard.
          As a result of this activity, appellant was indicted for aggravated assault with a
deadly weapon. The vehicle was the alleged deadly weapon. At the conclusion of the
evidence at trial, the trial court prepared a charge to the jury on the law. The charge
included a charge on the indicted offense of aggravated assault with a deadly weapon and
simple assault. At the conference with the attorneys, appellant’s trial counsel made no
objection to the proposed charge nor did trial counsel request a charge on the lesser-included offense of deadly conduct. The jury subsequently found appellant guilty of
aggravated assault with a deadly weapon and assessed his punishment at confinement
in the ID-TDCJ for 20 years. Appellant now complains of the failure of the trial court to
include, sua sponte, a charge on deadly conduct. We will affirm.
Analysis
          Appellant’s entire analysis is based upon the assumption that the trial court has a 
sua sponte duty to charge the jury on a lesser-included offense, even though there was
neither objection to the charge nor request for such charge. Appellant asserts that the trial
court’s duty arises under the general requirements of article 36.14 of the Texas Code of
Criminal Procedure.


 According to appellant, even though no objection was lodged at trial,
the action of the trial court in not granting the lesser-included charge sua sponte is
reviewed by an appellate court under an egregious harm standard as set forth in Ngo v.
State. See Ngo v. State, 175 S.W.3d 738, 743-44 (Tex.Crim.App. 2005). The Ngo opinion
cites to Almanza v. State, which is the seminal opinion on charge error. See Almanza v.
State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). Almanza determined that if a
defendant failed to object to the trial court’s omission or erroneous description of “the law
applicable to the case” in the court’s charge, that failure could result in reversible error if
the error caused egregious harm to the defendant.
          However, as the Texas Court of Criminal Appeals noted in Delgado v. State,
Almanza did not address the question of who is responsible for deciding what is “the law
applicable to the case.” Delgado v. State, 235 S.W.3d 244, 249 (Tex.Crim.App. 2007). 
Delgado answers the question by stating that, obviously, it is the trial judge who is
responsible for the accuracy of the charge and accompanying instructions and, further, the
trial judge has an absolute sua sponte duty to prepare a charge that accurately sets out
law applicable to specific offense charged. Id. The court’s choice of words “specific
offense charged” was not simply fortuitous, as was demonstrated when discussing other
matters contained in the charge. The requirement for deciding what is the law applicable
to the case, however, does not translate to a like duty to sua sponte instruct a jury on all
potential defensive issues, lesser-included offenses, or evidentiary issues. Id. The court
explained that those types of enumerated issues often depend upon trial strategy and
tactics. Id. (citing Posey v. State, 966 S.W.2d 57, 63 (Tex.Crim.App. 1998)). These issues
are better left to the attorney and the client and are not, therefore, the “law applicable to
the case,” as that phrase has been used. Id. at 250-51 (citing 43 George E. Dix & Robert
O. Dawson, Criminal Practice and Procedure § 36.50 at 201 (Supp. 2006)). Thus, in order
to preserve this type of issue for appeal, an objection to the charge or a request for a
charge must be made. Id. The failure to object to charge omissions of this type results in
the error being waived. Darnes v. State, 118 S.W.3d 916, 921 (Tex.App.–Amarillo 2003,
pet. ref’d). 
          In the case before the court, the alleged charge error required an objection to the
failure to include the lesser-included charge or a requested lesser-included charge. 
Neither were presented by trial counsel. The alleged error was not preserved for appeal. 
Id. Accordingly, appellant’s issue is overruled.
Conclusion
          Having overruled appellant’s single issue, we affirm the trial court’s judgment.
 
                                                                           Mackey K. Hancock

                                                                                      Justice











Publish.