NO. 07-08-0461-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 14, 2009
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

ROBERT LEE CASTELLON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 57,953-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Robert Lee Castellon, was convicted of aggravated assault with a deadly
weapon.


 Appellant was sentenced to serve 20 years confinement in the Institutional
Division of the Texas Department of Criminal Justice (ID-TDCJ). By a single issue,
appellant contends that the trial court committed reversible error when it did not sua sponte
instruct the jury on the lesser-included charge of deadly conduct.


 Disagreeing with
appellantâs contention, we affirm.
Factual and Procedural Background
Â Â Â Â Â Â Â Â Â Â Appellant does not contest the sufficiency of the evidence, therefore, we will only
address so much of the factual background as is necessary for our opinion. Appellant and
Mellissa Loya, one of the daughters of the complaining witness, Leobardo Loya, were living
together with their child. Their relationship had been somewhat tumultuous. On the
evening in question, Mellissa had spoken on the telephone with appellant and, during the
conversation, appellant advised Mellissa that she should go to her parentâs home. Mellissa
proceeded to her parentâs home, and appellant arrived in his SUV. Mellissa and appellant
began to have an argument when Leobardo, who had been observing from the sidewalk,
started toward the SUV. Appellant got in his truck and started leaving and, when he got
approximately a half a block down the street, turned around and came back toward 
Leobardoâs home jumping the curb in his SUV and driving toward Mellissa and Leobardo. 
The SUV ran into some large flower pots immediately in front of Leobardo and stopped. 
Appellant backed out rapidly and drove off, apparently going around the block. He
reappeared and drove onto the lawn a second time. Again, appellant drove his vehicle
toward Mellissa and Leobardo, this time stopping when his windshield struck a branch on
a tree in the yard.
Â Â Â Â Â Â Â Â Â Â As a result of this activity, appellant was indicted for aggravated assault with a
deadly weapon. The vehicle was the alleged deadly weapon. At the conclusion of the
evidence at trial, the trial court prepared a charge to the jury on the law. The charge
included a charge on the indicted offense of aggravated assault with a deadly weapon and
simple assault. At the conference with the attorneys, appellantâs trial counsel made no
objection to the proposed charge nor did trial counsel request a charge on the lesser-included offense of deadly conduct. The jury subsequently found appellant guilty of
aggravated assault with a deadly weapon and assessed his punishment at confinement
in the ID-TDCJ for 20 years. Appellant now complains of the failure of the trial court to
include, sua sponte, a charge on deadly conduct. We will affirm.
Analysis
Â Â Â Â Â Â Â Â Â Â Appellantâs entire analysis is based upon the assumption that the trial court has a 
sua sponte duty to charge the jury on a lesser-included offense, even though there was
neither objection to the charge nor request for such charge. Appellant asserts that the trial
courtâs duty arises under the general requirements of article 36.14 of the Texas Code of
Criminal Procedure.


 According to appellant, even though no objection was lodged at trial,
the action of the trial court in not granting the lesser-included charge sua sponte is
reviewed by an appellate court under an egregious harm standard as set forth in Ngo v.
State. See Ngo v. State, 175 S.W.3d 738, 743-44 (Tex.Crim.App. 2005). The Ngo opinion
cites to Almanza v. State, which is the seminal opinion on charge error. See Almanza v.
State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). Almanza determined that if a
defendant failed to object to the trial courtâs omission or erroneous description of âthe law
applicable to the caseâ in the courtâs charge, that failure could result in reversible error if
the error caused egregious harm to the defendant.
Â Â Â Â Â Â Â Â Â Â However, as the Texas Court of Criminal Appeals noted in Delgado v. State,
Almanza did not address the question of who is responsible for deciding what is âthe law
applicable to the case.â Delgado v. State, 235 S.W.3d 244, 249 (Tex.Crim.App. 2007). 
Delgado answers the question by stating that, obviously, it is the trial judge who is
responsible for the accuracy of the charge and accompanying instructions and, further, the
trial judge has an absolute sua sponte duty to prepare a charge that accurately sets out
law applicable to specific offense charged. Id. The courtâs choice of words âspecific
offense chargedâ was not simply fortuitous, as was demonstrated when discussing other
matters contained in the charge. The requirement for deciding what is the law applicable
to the case, however, does not translate to a like duty to sua sponte instruct a jury on all
potential defensive issues, lesser-included offenses, or evidentiary issues. Id. The court
explained that those types of enumerated issues often depend upon trial strategy and
tactics. Id. (citing Posey v. State, 966 S.W.2d 57, 63 (Tex.Crim.App. 1998)). These issues
are better left to the attorney and the client and are not, therefore, the âlaw applicable to
the case,â as that phrase has been used. Id. at 250-51 (citing 43 George E. Dix & Robert
O. Dawson, Criminal Practice and Procedure Â§ 36.50 at 201 (Supp. 2006)). Thus, in order
to preserve this type of issue for appeal, an objection to the charge or a request for a
charge must be made. Id. The failure to object to charge omissions of this type results in
the error being waived. Darnes v. State, 118 S.W.3d 916, 921 (Tex.App.âAmarillo 2003,
pet. refâd). 
Â Â Â Â Â Â Â Â Â Â In the case before the court, the alleged charge error required an objection to the
failure to include the lesser-included charge or a requested lesser-included charge. 
Neither were presented by trial counsel. The alleged error was not preserved for appeal. 
Id. Accordingly, appellantâs issue is overruled.
Conclusion
Â Â Â Â Â Â Â Â Â Â Having overruled appellantâs single issue, we affirm the trial courtâs judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice











Publish.



iv.MsoNormal
 {mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Calibri","sans-serif";
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;
 mso-bidi-language:EN-US;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0107.cv%20order\(no%20judgment\)_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0107.cv%20order\(no%20judgment\)_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0107.cv%20order\(no%20judgment\)_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0107.cv%20order\(no%20judgment\)_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0107.cv%20order\(no%20judgment\)_files/header.htm") f1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
-->








NO.
07-10-0107-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE SEVENTH DISTRICT OF TEXAS

Â 

AT AMARILLO

Â 

PANEL B

Â 



JUNE 23, 2010

Â 



Â 

JIM JONES TRIGG, JR.,
Attorney in Fact For 

MARY JANE TRIGG,  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

v.

Â 

PATTI T. MOORE,Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

_____________________________

Â 

FROM
THE 423RD DISTRICT COURT OF BASTROP COUNTY;

Â 

NO.
423,500; HONORABLE CHRISTOPHER DARROW DUGGAN, PRESIDING

Â 



Â 

Order

Â 



Â 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ.

Â 

Pending
before the court is Pattie T. MooreÂs motion to dismiss the appeal of Jim Jones
Trigg, Jr., as attorney in fact for Mary Jane Trigg.Â  We deny it.

Â Â Â Â Â Â Â Â Â Â Â  Moore requests dismissal because
Trigg moved to non-suit his original petition against Moore, sought to withdraw
the non-suit, and filed a second action allegedly involving the same claims and
parties.Â  However, she fails to cite us
to any authority, much less authority holding that an appeal can be dismissed
simply because it emanates from a non-suit of a claim that has been re-filed.Â  Nor do we find any want of jurisdiction for
the notice of appeal was perfected within 30 days of the date the trial court
signed its order of dismissal.Â  In re Bennett, 960 S.W.2d 35, 38 (Tex.
1997) (stating that the appellate timetable begins once the formal order of
dismissal is signed).

Â Â Â Â Â Â Â Â Â Â Â  Finally, it seems as though the
eventual issue before us will entail the ability of the trial court to dismiss
a proceeding per a motion to non-suit after the movant
withdraws his motion.Â  By seeking
dismissal of this appeal, Moore effectively is asking us to address that matter
without the benefit of briefing by either party.Â  We opt not to accept her invitation to
circumvent the rules of appellate procedure, especially Rule 38 (the rule
applicable to briefing).

Â Â Â Â Â Â Â Â Â Â Â  The motion to dismiss this appeal is
denied.Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam