NO. 07-08-0461-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 14, 2009
_____

ROBERT LEE CASTELLON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 57,953-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant, Robert Lee Castellon, was convicted of aggravated assault with a deadly weapon.[1]  Appellant was sentenced to serve 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ).  By a single issue, appellant contends that the trial court committed reversible error when it did not *sua sponte*

_____

[1]See Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2008).

instruct the jury on the lesser-included charge of deadly conduct.[2]  Disagreeing with appellant's contention, we affirm.

## Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence, therefore, we will only address so much of the factual background as is necessary for our opinion.  Appellant and Mellissa Loya, one of the daughters of the complaining witness, Leobardo Loya, were living together with their child.  Their relationship had been somewhat tumultuous.  On the evening in question, Mellissa had spoken on the telephone with appellant and, during the conversation, appellant advised Mellissa that she should go to her parent's home. Mellissa proceeded to her parent's home, and appellant arrived in his SUV.  Mellissa and appellant began to have an argument when Leobardo, who had been observing from the sidewalk, started toward the SUV.  Appellant got in his truck and started leaving and, when he got approximately a half a block down the street, turned around and came back toward Leobardo's home jumping the curb in his SUV and driving toward Mellissa and Leobardo. The SUV ran into some large flower pots immediately in front of Leobardo and stopped. Appellant backed out rapidly and drove off, apparently going around the block.  He reappeared and drove onto the lawn a second time.  Again, appellant drove his vehicle toward Mellissa and Leobardo, this time stopping when his windshield struck a branch on a tree in the yard.

---

[2]See Tex. Penal Code Ann. § 22.05(a) (Vernon 2003).

2

As a result of this activity, appellant was indicted for aggravated assault with a deadly weapon. The vehicle was the alleged deadly weapon. At the conclusion of the evidence at trial, the trial court prepared a charge to the jury on the law. The charge included a charge on the indicted offense of aggravated assault with a deadly weapon and simple assault. At the conference with the attorneys, appellant's trial counsel made no objection to the proposed charge nor did trial counsel request a charge on the lesser-included offense of deadly conduct. The jury subsequently found appellant guilty of aggravated assault with a deadly weapon and assessed his punishment at confinement in the ID-TDCJ for 20 years. Appellant now complains of the failure of the trial court to include, *sua sponte*, a charge on deadly conduct. We will affirm.

## Analysis

Appellant's entire analysis is based upon the assumption that the trial court has a *sua sponte* duty to charge the jury on a lesser-included offense, even though there was neither objection to the charge nor request for such charge. Appellant asserts that the trial court's duty arises under the general requirements of article 36.14 of the Texas Code of Criminal Procedure.[3] According to appellant, even though no objection was lodged at trial, the action of the trial court in not granting the lesser-included charge *sua sponte* is reviewed by an appellate court under an egregious harm standard as set forth in Ngo v. State. See Ngo v. State, 175 S.W.3d 738, 743-44 (Tex.Crim.App. 2005). The Ngo opinion

---

[3] Article 36.14 provides in relevant part:
" . . . the judge shall, before argument begins, deliver to the jury, . . . a written charge distinctly setting forth the law applicable to the case; . . . ."

3

cites to Almanza v. State, which is the seminal opinion on charge error. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). Almanza determined that if a defendant failed to object to the trial court's omission or erroneous description of "the law applicable to the case" in the court's charge, that failure could result in reversible error if the error caused egregious harm to the defendant.

However, as the Texas Court of Criminal Appeals noted in Delgado v. State, Almanza did not address the question of who is responsible for deciding what is "the law applicable to the case." Delgado v. State, 235 S.W.3d 244, 249 (Tex.Crim.App. 2007). Delgado answers the question by stating that, obviously, it is the trial judge who is responsible for the accuracy of the charge and accompanying instructions and, further, the trial judge has an absolute *sua sponte* duty to prepare a charge that accurately sets out law applicable to specific offense charged. Id. The court's choice of words "specific offense charged" was not simply fortuitous, as was demonstrated when discussing other matters contained in the charge. The requirement for deciding what is the law applicable to the case, however, does not translate to a like duty to *sua sponte* instruct a jury on all potential defensive issues, lesser-included offenses, or evidentiary issues. Id. The court explained that those types of enumerated issues often depend upon trial strategy and tactics. Id. (citing Posey v. State, 966 S.W.2d 57, 63 (Tex.Crim.App. 1998)). These issues are better left to the attorney and the client and are not, therefore, the "law applicable to the case," as that phrase has been used. Id. at 250-51 (citing 43 George E. Dix & Robert O. Dawson, Criminal Practice and Procedure § 36.50 at 201 (Supp. 2006)). Thus, in order to preserve this type of issue for appeal, an objection to the charge or a request for a

4

charge must be made.  Id.  The failure to object to charge omissions of this type results in the error being waived.  Darnes v. State, 118 S.W.3d 916, 921 (Tex.App.–Amarillo 2003, pet. ref'd).

In the case before the court, the alleged charge error required an objection to the failure to include the lesser-included charge or a requested lesser-included charge. Neither were presented by trial counsel.  The alleged error was not preserved for appeal. Id.  Accordingly, appellant's issue is overruled.

## Conclusion

Having overruled appellant's single issue, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Publish.