NO. 07-09-0013-CR


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL B


JANUARY 26, 2010

______________________________


MIGUEL AVELAR aka MICHAEL AVELAR, 


 Appellant


v.


THE STATE OF TEXAS, 


 Appellee

_______________________________


FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;


NO. 2002-438,946; HON. JIM BOB DARNELL, PRESIDING

_______________________________


Memorandum Opinion

_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.




 Miguel Avelar aka Michael Avelar (appellant) appeals from a judgment convicting
him of aggravated sexual assault. He originally pled guilty to the charge and per a plea
agreement had the adjudication of his guilt deferred for ten years. Thereafter, the State
moved the court to adjudicate his guilt. The trial court granted the motion and entered
the aforementioned judgment. On appeal, he questions the sufficiency of the evidence
supporting the court's decision to adjudicate him and its decision to admit certain
evidence. We affirm.

 We review the trial court's judgment revoking community supervision under the
standard of abused discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App.
2006). This standard obligates us to indulge in all reasonable inferences favoring the
trial court's decision, Jones v. State, 589 S.W.2d 419, 421 (Tex. Crim. App. [Panel Op.]
1979), and sustain the order if the evidence substantiates a single violation. Jones v.
State, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978). 

 Next, a revocation hearing is administrative, and the State is only required to
prove by a preponderance of the evidence that a condition of probation was violated. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If it does not, then the trial
court abuses its discretion in proceeding to adjudicate guilt. Cardona v. State, 665
S.W.2d 492, 493-94 (Tex. Crim. App. 1984) (dealing with the revocation of probation).

 In applying the foregoing standard to the record at bar, we see that the State
averred that appellant violated three conditions of his probation. Yet, the trial court
addressed only one. Indeed, it informed the parties that it was going to "disregard" the
others. The sole ground it considered concerned the prohibition against being in the
presence of "any child 17 years of age or younger at any time" unless supervised by an
approved chaperone. On appeal in his first two issues, appellant contends the evidence
is insufficient to support this allegation because the only evidence presented came from
his probation officer. That is, he suggests that a probation officer cannot be the only
source of the evidence. In so arguing, he does not question the quantitative or
qualitative substance of what the officer said. Nor does he question whether the same
testimony would have been sufficient if it had been proffered by some other witness. 
Yet, we know of no case that bars a probation officer from supplying the requisite
testimony, as occurred here. Nor did appellant cite us to one. Accordingly, we cannot
say that the evidence is insufficient simply because it was proffered through a probation
officer. Issues one and two are overruled.

In his last issue, appellant contends the trial court erred by admitting irrelevant
evidence concerning the probation officer's failure in finding appellant at home on
several occasions. However, we note that several questions had been answered by the
witness concerning his inability to locate appellant at his home before an objection was
lodged. It is clear that one must contemporaneously object to that which he perceives
as objectionable. Darnes v. State, 118 S.W.3d 916, 919 (Tex. App.-Amarillo 2003, pet.
ref'd). Furthermore, a specific objection must be made as soon as possible for error to
be preserved for appellate review. See Tex. R. App. P. 33.1. Because appellant failed
to object as soon as possible, he waived the issue. Therefore, we overrule his final
issue.

 Accordingly, the judgment of the trial court is affirmed. 


 Brian Quinn

 Chief Justice


 

Do not publish.