NO. 07-09-0013-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 26, 2010
_____

MIGUEL AVELAR aka MICHAEL AVELAR,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO.  2002-438,946; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Miguel Avelar aka Michael Avelar (appellant) appeals from a judgment convicting him of aggravated sexual assault.   He originally pled guilty to the charge and per a plea agreement had the adjudication of his guilt deferred for ten years.   Thereafter, the State moved the court to adjudicate his guilt.   The trial court granted the motion and entered the aforementioned judgment.   On appeal, he questions the sufficiency of the evidence

supporting the court's decision to adjudicate him and its decision to admit certain evidence. We affirm.

We review the trial court's judgment revoking community supervision under the standard of abused discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). This standard obligates us to indulge in all reasonable inferences favoring the trial court's decision, *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. [Panel Op.] 1979), and sustain the order if the evidence substantiates a single violation. *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978).

Next, a revocation hearing is administrative, and the State is only required to prove by a preponderance of the evidence that a condition of probation was violated. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If it does not, then the trial court abuses its discretion in proceeding to adjudicate guilt. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984) (dealing with the revocation of probation).

In applying the foregoing standard to the record at bar, we see that the State averred that appellant violated three conditions of his probation. Yet, the trial court addressed only one. Indeed, it informed the parties that it was going to "disregard" the others. The sole ground it considered concerned the prohibition against being in the presence of "any child 17 years of age or younger at any time" unless supervised by an approved chaperone. On appeal in his first two issues, appellant contends the evidence is insufficient to support this allegation because the only evidence presented came from his probation officer. That is, he suggests that a probation officer cannot be the only source of the evidence. In so arguing, he does not question the quantitative or

2

qualitative substance of what the officer said. Nor does he question whether the same testimony would have been sufficient if it had been proffered by some other witness. Yet, we know of no case that bars a probation officer from supplying the requisite testimony, as occurred here. Nor did appellant cite us to one. Accordingly, we cannot say that the evidence is insufficient simply because it was proffered through a probation officer. Issues one and two are overruled.

In his last issue, appellant contends the trial court erred by admitting irrelevant evidence concerning the probation officer's failure in finding appellant at home on several occasions. However, we note that several questions had been answered by the witness concerning his inability to locate appellant at his home before an objection was lodged. It is clear that one must contemporaneously object to that which he perceives as objectionable. *Darnes v. State,* 118 S.W.3d 916, 919 (Tex. App.–Amarillo 2003, pet. ref'd). Furthermore, a specific objection must be made as soon as possible for error to be preserved for appellate review. *See* TEX. R. APP. P. 33.1. Because appellant failed to object as soon as possible, he waived the issue. Therefore, we overrule his final issue.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.


3