

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00291-CR

---

JUSTIN RUSSELL MURDOCH, APPELLANT

V.

STATE OF TEXAS, APPELLEE

---

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2015-1351-C2, Honorable Matt Johnson, Presiding

---

December 28, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Justin Russell Murdoch (appellant) appeals his two convictions on two counts of indecency with a child by contact.  Three issues lie before us, which issues will be addressed in turn.  We modify in part and affirm.[1]

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision would be inconsistent with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

*Issue One – No Fine*

Under his first issue, appellant contends that the trial court erred in stating within the judgment on count two that appellant was assessed a fine of $10,000. The State agrees. The jury did not levy a fine as part of its punishment. Thus, the issue is sustained, and the judgment on count two is modified to redact mention of a $10,000 fine.

*Issue Two – Lesser Included Offense*

Appellant next contends that the trial court erred in failing to submit an instruction on the lesser included offense of attempted indecency with a child by contact. As acknowledged in his brief, the instruction was not requested by appellant. This is of import since the trial court has no duty to submit one *sua sponte*. *Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010); *Bright v. State*, No. 07-15-00118-CR, 2016 Tex. App. LEXIS 6885, at *21 (Tex. App.—Amarillo June 29, 2016, pet. ref'd) (mem. op., not designated for publication). Thus, the issue was not preserved for review. *Goggins v. State*, __S.W.3d __, __, 2017 Tex. App. LEXIS 11123, at *6-7 (Tex. App.—Houston [14th Dist.] Nov. 30, 2017, no pet. h.); *accord, Darnes v. State*, 118 S.W.3d 916, 921 (Tex. App—Amarillo 2003, pet. ref'd) (holding that "the failure to ask the trial court to charge the jury on a lesser-included offense does not preserve the issue for review"); *see also Tolbert v. State*, 306 S.W.3d at 781-82 (stating that because the appellant did not request the instruction, there was "no jury-charge 'error' to which *Almanza's* egregious harm analysis would apply").

*Issue Three – Evidence of Extraneous Offense*

In his final issue, appellant contends that the trial court erred in admitting evidence of an extraneous bad act when the State failed to provide reasonable notice of its intent

to do so under Texas Rule of Evidence 404(b)(2).  *See* TEX. R. EVID*.* 404(b)(2) (West 2016) (stating that "[o]n timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such [extraneous offense] evidence . . . in its case-in-chief").  We overrule the issue.

The State sought to admit evidence of appellant touching the buttocks of another child in rebuttal to the defensive theory of fabrication.  The trial court eventually granted leave to do so on that basis and instructed the jury that it "may only consider the same in rebutting the defensive theory of fabrication, if any, in connection with the offense, if any, alleged against him in the indictment in this case and for no other purpose."  Because the evidence was offered in rebuttal to a defensive theory raised by appellant, the prior notice requirement of Rule 404(b)(2) did not apply.  *See Jaubert v. State*, 74 S.W.3d 1, 4 (Tex. Crim. App. 2002) (stating that "when the State presents extraneous offense evidence in rebuttal to mitigation evidence offered by the defendant, advance notice of intent to offer the extraneous offense evidence is not possible: 'In such a situation, the defendant, rather than the State, determines whether a contested issue will be raised, and his determination will not be made known until he presents his case. It would be practically impossible for the State to give notice until that time.'"); *Chung v. State*, No. 10-16-00242-CR, 2017 Tex. App. LEXIS 10006, at *4-5 (Tex. App.—Waco Oct. 25, 2017, no pet.) (mem. op., not designated for publication) (citing *Jaubert* and reiterating that the notice provision did not apply to evidence of extraneous offenses offered in rebuttal to a defensive theory).  Furthermore, appellant does not attempt to explain why the holding in *Jaubert* is inapplicable here.

3

To the extent that appellant invokes the umbrella of due process as basis for contending that he was entitled to prior notice, that argument went unmentioned at trial. Thus, it was not preserved. *See Chapman v. State*, No. 10-14-00350-CR, 2016 Tex. App. LEXIS 7432, at *6 (Tex. App.—Waco July 13, 2016, no pet.) (mem. op., not designated for publication) (stating that the complaint on appeal must correspond with objections and arguments made at trial, and when a trial objection does not comport with the issue raised on appeal, the issue is not preserved for review). Nor does he attempt to now explain how and why due process would mandate the provision of prior notice when, as said in *Jaubert*, it would be rather "impossible for the State to give notice until" it became aware of the need to defend against a particular defensive theory raised by the accused at trial.

We redact from the judgment on count two the reference to appellant being assessed a fine of $10,000 and affirm that judgment as modified. We also affirm the judgment on count one.

Brian Quinn
Chief Justice

Do not publish.

4