

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00347-CR

DAVID ENRIQUE RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS

On Appeal from the 64th District Court
Swisher County, Texas
Trial Court No. A4943-22-05, Honorable Danah Zirpoli, Presiding

August 22, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

A jury convicted Appellant, David Enrique Rodriguez, of assaulting a peace officer.[1] The punishment phase was tried to the court which assessed punishment at twenty years of confinement in prison. Through a single issue on appeal, Appellant argues the trial court reversibly erred by failing to submit a jury instruction on the lesser-

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1),(b)(1).

included offense of resisting arrest.[2]  We overrule Appellant's issue and affirm the judgment of the trial court.

## Background

Appellant does not challenge the sufficiency of evidence supporting his conviction, so we mention only those background facts germane to his issue on appeal.  After the evidence had closed during the guilt-innocence phase of trial, the trial court conducted an informal charge conference outside the jury's presence.  The following exchange took place:

> THE COURT: Are there any specific instructions that you want?  I'm assuming you want an extraneous offense.
>
> THE DEFENSE: I do.  I have a couple of disorderly conduct language and resisting arrest.
>
> THE COURT: As a lesser or just an instruction for an extraneous offense?
>
> THE DEFENSE: As a lesser.
>
> THE COURT: Okay. I'll have to think about that.
>
> THE STATE: It's the State's position that the elements are not the same and that the proof would be different.  It's not that the offense charged is more -- includes all the elements of those two that he's requesting on the Charge, so we would object to his inclusion of those as lesser.
>
> THE DEFENSE: And I understand that, and I'm waffling a little bit.  Then extraneous, Judge.
>
> THE COURT: Okay. I have that one.

---

[2] Given the basis for affirmance, it is unnecessary to determine whether resisting arrest would have been a proper lesser-included offense to assault on a public servant.  *See Steele v. State,* 490 S.W.3d 117 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (discussing cases and presenting analysis).

The attorneys and court then continued discussion on the language for the extraneous offense instruction. When the court asked, "Any other instructions that you could think of," Appellant's counsel responded, "No, your honor."

During the charge conference, the court distributed a copy of its proposed jury charge and asked if the attorneys had a chance to review it. The State's attorney made one request, which the court denied. The court then asked if Appellant's counsel had reviewed the charge; counsel responded, "I have, Your Honor, and I have no requested additions or corrections." The court then specifically pointed out to counsel that it "did not put in any of the lesser included offenses that were requested yesterday. In my research, I did not believe that those would necessarily be lesser includeds of this offense . . . ." Appellant's counsel responded, "I understand. I'm satisfied with the instructed Paragraph Number 5 [pertaining to extraneous offenses]." Later, the court asked if there "is anything else about that that the parties wish to make sure is on the record," and Appellant's counsel replied, "No, nothing, Your Honor."

## Analysis

Criminal jury charges contain the "law applicable to the case" and often "defensive issues." *Tolbert v. State,* 306 S.W.3d 776, 779 (Tex. Crim. App. 2010). It is the duty of the trial court to prepare a jury charge that accurately sets out the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14 (requiring "judge shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case[.]"). This is true even if the defense fails to object to inclusions in or exclusions from the charge. *Taylor v. State,* 332 S.W.3d 483, 486 (Tex. Crim. App. 2011). "But it does not inevitably follow

3

that [the trial court] has a similar sua sponte duty to instruct the jury on all potential defensive issues, lesser-included offenses, or evidentiary issues." *Delgado v. State,* 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). This is because "these issues frequently depend upon trial strategy and tactics." *Tolbert,* 306 S.W.3d at 780 (cleaned up); *Zamora v. State,* 411 S.W.3d 504, 513 (Tex. Crim. App. 2013) (defensive issues "involve strategic decisions and tactics generally left to the lawyer and the client."). A lesser-included offense does not become the law applicable to the case unless the defendant requests the issue or objects to its omission from the charge. *Lopez v. State,* No. 04-13-00306-CR, 2014 Tex. App. LEXIS 8512, at *3 (Tex. App.—San Antonio Aug. 6, 2014, pet. refused) (mem. op., not designated for publication) (citing *Tolbert,* 306 S.W.3d at 781).

At the charge conference, Appellant's counsel did not tender in writing or dictate into the record a lesser-included instruction. Nor did counsel object to omission of an instruction. Rather, counsel communicated satisfaction with the charge. Thus, the issue Appellant now raises on appeal was not preserved for appellate review. *See Vega v. State,* 394 S.W.3d 514, 519 (Tex. Crim. App. 2013) ("A defendant cannot complain on appeal about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection: he has procedurally defaulted any such complaint."); *Darnes v. State,* 118 S.W.3d 916, 921 (Tex. App—Amarillo 2003, pet. ref'd) (holding that "the failure to ask the trial court to charge the jury on a lesser-included offense does not preserve the issue for review."). We overrule Appellant's sole issue on appeal.

## Conclusion

Having overruled Appellant's issue, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.